■ MARIA M. RODRIGUEZ, Individually and as Administratrix of the Estate of ISRAEL M. RODRIGUEZ, Deceased, and as Natural Guardian and Mother of BLANCA R. RODRIGUEZ, an Infant, Respondent, v CITY OF NEW YORK et al., Appellants, et al., Defendants. — Judgment, Supreme Court, Bronx County (Silbowitz, J.), entered on July 23, 1981, is modified, on the law and the facts, and a new trial ordered on the issue of damages only, without costs and without disbursements, unless plaintiff, within 20 days after service upon her of a copy of the order herein, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce only the verdict on the wrongful death cause of action to $350,000 and to the entry of an amended judgment in accordance therewith, and said judgment is otherwise affirmed. If plaintiff so stipulates, the judgment, as so amended and reduced, is affirmed, without costs and without disbursements. The dissent finds great significance in an oral motion the city allegedly made in Special Term prior to trial, urging the defense of collateral estoppel. There is no record of this motion having been made (or of Justice Fusco's denial of it) but even assuming the fact, the puzzle is more, why did not the city formally move to amend its answer? CPLR 3018 (subd [b]) is quite explicit in requiring the defense of collateral estoppel to be affirmatively pleaded, and CPLR 3211 (subd [e]) provides that a failure to include the defense (either originally or by amendment) constitutes a waiver. (Cf. *Mayers v D'Agostino,* 58 NY2d 696.) Instead, the city orally renewed the motion at trial, albeit prior to opening statements, but without written documentation and legal memorandum in support. Justice Silbowitz even reserved decision until the conclusion of trial, thus giving appellant ample time to make a record and, perhaps, preserve the defense. While the facts in *Mayers v D'Agostino (supra),* are different — there defendants did not raise the collateral estoppel issue until the third day of trial — we believe the principle of that case to be just as applicable to the facts in this case. The city declined the opportunity to participate in the trial of damages in the Ryan suit, possibly a strategy decision to keep that first jury from considering the city as a "deep pocket". Whatever the motive, it is clear

that the city had notice sufficient to enable it to prepare the necessary written motion papers and make a record. The dissent's statement, that the Ryan jury "had been instructed to determine the full measure of damages sustained by plaintiff", is also in dispute. The record from that prior trial shows, rather, that the jury was asked to assess only the damages inflicted by Ryan and was *not* given the broader charge that they should determine the full measure of damages sustained. Thus, it is not at all clear that the city could have proven the collateral estoppel defense. What does seem clear is the city's failure to observe the most basic rules of practice in asserting the defense. Accordingly, we find that the issue has been waived. After review of the record, the damages appear to us to be excessive to the extent indicated. Concur — Kupferman, J. P., Carro, Milonas and Alexander, JJ.

Asch, J., dissents in a memorandum as follows: It is undisputed that over a two-hour period, both in an apartment and later in the precinct, Police Officer Thomas Ryan beat and kicked decedent until an ambulance arrived and took decedent from the 44th Precinct to Morrisania Hospital where he died in surgery of bleeding caused by a ruptured spleen, cerebral hemorrhage and two fractured ribs. Other defendant police officers either saw decedent being beaten or heard his screams but did nothing to stop Ryan. Ryan was convicted of criminally negligent homicide and sentenced on January 16, 1978 to an indeterminate term of four years' imprisonment. This court affirmed that conviction in January, 1979 (67 AD2d 639). This action was commenced in 1976 and named as defendants the city and 11 named and unnamed police officers including Ryan. After this court's affirmance of Ryan's conviction in January, 1979, plaintiff moved for partial summary judgment against him on the ground that his criminal conviction estopped him from denying liability for the assault and homicide. By order entered June 8, 1979, plaintiff was granted summary judgment, a trial was ordered for an assessment of damages, and the action against Ryan severed. Thereafter, a trial on the issue of damages was held on November 1-8, 1979, which resulted in a jury award in favor of plaintiff in the sum of $70,000 for wrongful death, $12,000 for conscious pain and suffering and $4,500 for loss of services. On April 23, 1981, plaintiff proceeded to trial against the remaining defendants and the city renewed its prior motion to limit the trial to the issue of liability only on the ground that the jury's determination of damages in the severed Ryan action was binding upon the remaining parties in this action. This prior motion apparently was made orally and no order or statement of reasons appears in the record. Justice Silbowitz denied the motion on the ground that Justice Fusco's prior denial established the law of the case. Although he had indicated that the city could secure reconsideration of this issue after the verdict, when the city ultimately renewed *all* its motions at the close of trial, Justice Silbowitz, in a blanket ruling, denied *all* outstanding motions. Trial Term committed error in denying the city's motion to limit damages. The lesser amount of the damages awarded plaintiffs against Ryan in the severed action collaterally estopped plaintiffs from obtaining a larger award in this action. Usually, recovery of a judgment against one of joint or contributing tort-feasors does not bar another action against the other, without restriction as to what the amount of recovery may be. However, this rule is confined to joint or contributing tort-feasors (*Goines v Pennsylvania R. R. Co.*, 6 AD2d 531). The action at bar does not involve joint or contributing tort-feasors, but tort-feasors who, "although jointly and severally liable, sustain to one another a dependent and derivative relationship. The relationship, in this instance, is that of master and servant; and the master is liable only because of the tort being committed by the servant in the course of and pursuant to the employment, under the principle of *respondeat superior*. From this relationship of vicarious liability there flows a duty of indemnifica-

tion from the primary tort-feasor to the secondary tort-feasor (Prosser, Torts, pp. 249-251). In such circumstances an entirely different rule obtains. Then the recovery of a prior judgment, even without satisfaction, against the primary tort-feasor will serve to limit the award which plaintiff may recover thereafter against the tort-feasor secondarily liable. At the same time, of course, the secondary tort-feasor is not bound by the prior judgment in anywise but may contest liability as well as the quantum of recovery" (*Goines v Pennsylvania R. R. Co. supra*, at p 534). By moving before trial and renewing its motion after the jury rendered its verdict, as noted above, the city offered to prove that a judgment had been entered against Ryan in Bronx Supreme Court, and that the jury had been instructed to determine the full measure of damages sustained by plaintiff. As to the failure to plead collateral estoppel in appellants' answers, since the *Ryan* case was severed and determined after issue was joined, the failure to plead the defense should not be considered fatal. It should also be noted that there is no indication whether plaintiff appealed the jury's award against Ryan. With respect to the apportionment of 5% liability against Officer Young and 15% against Sergeant Riccio, such percentages do not appear unreasonable under the circumstances of this case. In any event, the apportionment of liability among the various police officers was rendered irrelevant for all practical purposes when the jury also found that all the officers were acting within the scope of their employment. As a result, the city was vicariously liable and indeed concedes that it is jointly and severally liable for the full amount of damages inflicted. Accordingly, the judgment of the Supreme Court, Bronx County (Silbowitz, J.), entered on July 23, 1981, after a trial by jury, awarding plaintiff $552,000 for wrongful death and $150,000 for conscious pain and suffering, should be modified, on the law and facts, without costs, to the extent of remanding the matter for a new trial on the issue of damages only, to determine whether defendant city can establish a valid collateral estoppel defense on the amount of damages, and otherwise affirmed.