■ KATHRYN A. PHILLIPS, Individually and as Administratrix of the Estate of JOHN C. PHILLIPS, Deceased, Plaintiff, v TERRENCE W. LEGERET et al., Respondents, and CITY OF NEW ROCHELLE, Appellant.—In a negligence action to recover damages for personal injuries and wrongful death, the defendant City of New Rochelle appeals from an order of the Supreme Court, Westchester County (Ruskin, J.), dated April 23, 1987, which granted the motion of the codefendants Terrence W. Legeret and William E. Kennelly for partial summary judgment on their cross claim, determining that the codefendant city is and was at all times duty bound, by virtue of the provisions of General Municipal Law § 50-j, to legally defend them and save them harmless and to indemnify them for any damages assessed against them by the trier of the facts, including the reasonable value of counsel fees which they have incurred by the retention of separate counsel to defend them as a result of the city's refusal to represent them.

Ordered that the order is affirmed, with costs.

This action arises out of an automobile accident which occurred on October 1, 1981, in which the plaintiff's intestate John Phillips was a passenger in a vehicle operated by the defendant Terrence W. Legeret with the permission of the owner the defendant William E. Kennelly, who was also a passenger therein. The car was privately owned but registered with the New Rochelle Police Department for official use. It is alleged that the car was negligently operated and was traveling at a high speed when it left the road and hit a utility pole. John Phillips died as a result of the injuries suffered in that accident. The decedent and the codefendants were police officers employed by the police department of the defendant city and the accident occurred during the course and scope of their employment.

The plaintiff Kathryn A. Phillips brought this action and issue was joined in 1983. In October 1986 the trial court granted the motion of codefendants Legeret and Kennelly for leave to amend their answer to assert a cross claim seeking indemnification from the defendant city on the basis of General Municipal Law § 50-j. In March 1987 the individual codefendants moved for partial summary judgment on their cross claim. The motion was granted and the defendant city appeals, essentially seeking reversal on the ground that, un-

der General Municipal Law § 50-j, it is not obligated to pay attorneys' fees incurred by the insurance company allegedly providing a defense to the respondents.

General Municipal Law § 50-j (1) provides, in pertinent part: "Notwithstanding the provisions of any general, special or local law, charter or code to the contrary, every city * * * *shall be liable* for, and shall assume the liability to the extent that it *shall save harmless, any duly appointed police officer of such municipality* * * * for any *negligent* act or tort, provided such police officer, at the time of the negligent act or tort *complained of,* was acting in the performance of his duties and within the scope of his employment" (emphasis added). Inasmuch as the Legislature, in enacting the aforesaid provision, was presumably aware that indemnification under the common law includes attorneys' fees, we will not presume a legislative intent to provide police officers with a lesser form of indemnity *(see, Young v Koch,* 128 Misc 2d 119, 124).

The city's reliance on *Corning v Village of Laurel Hollow* (48 NY2d 348) to support its argument that General Municipal Law § 50-j does not mandate payment of police officer's attorneys' fees is without merit. In *Corning v Village of Laurel Hollow (supra)* the plaintiffs were not police officers but high-ranking officials of the village who sued for reimbursement of legal fees incurred in the successful defense of a civil rights action brought against them as a result of acts performed in their official capacities. They had been provided with representation by the County Attorney but, dissatisfied with that representation, they sought representation by private counsel. The court there held that the village was not required to reimburse the plaintiffs because an appropriation was not authorized by statute, and because the plaintiffs chose to forsake the representation provided to them, they were precluded from seeking public funds to pay for their private choice of counsel. In the case at bar, despite the fact that the relief sought by the codefendants is authorized by General Municipal Law § 50-j, the city has never offered them any legal representation.

We have considered the parties' remaining arguments and find them to be without merit. Lawrence, J. P., Weinstein, Spatt and Balletta, JJ., concur.