■ WENDY WEISSMAN, as Administratrix of the Estate of ADELE WALDMAN, Deceased, Appellant, v NEW YORK TELEPHONE COMPANY, Respondent.—Judgment, Supreme Court, New York County (Richard Lane, J.), entered February 13, 1990, upon a jury verdict, in favor of defendant, unanimously affirmed, without costs.

On this record, the jury could have reasonably concluded that plaintiff failed to meet her burden of demonstrating that defendant New York Telephone Company's installation of a 25 foot mounting wire to a home telephone was a proximate cause of plaintiff's decedent's injury.

Plaintiff failed to preserve by specific objection her claim that the written statement of Madie Pearson was erroneously admitted into evidence without a proper foundation (Richardson, Evidence § 538 [Prince 10th ed]), and we decline to reach it. In any event, were we to consider the argument, we would

find it to be without merit *(see, Larkin v Nassau Elec. R. R. Co.,* 205 NY 267).

Plaintiff's contention that the court committed reversible error in precluding her from calling an expert witness concerning safe telephone installation practices is without merit, since she failed to make an offer of proof showing the relevance of the testimony, as suggested by the court *(see, People v Arroyo,* 77 NY2d 947).

Plaintiff's challenge to the court's charge and its marshalling of the evidence is without merit. The charge, as given, was clear and unambiguous and set forth the appropriate standard of review and burden of proof.

We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Ellerin, Ross and Rubin, JJ.