█ JUDY STEMMER, Appellant, v LEE W. STEMMER, Respondent.—Judgment unanimously affirmed without costs. Memorandum: There is no merit to plaintiff's contention that Supreme Court's dismissal of the causes of action for divorce for failure of proof was contrary to the weight of evidence or that

the court failed properly to weigh the relevant factors in awarding custody of the parties' daughter to defendant. We affirm those findings for reasons stated in the decision at Supreme Court (Mordue, J.).

We also reject plaintiff's contention that the court abused its discretion in precluding testimony regarding an alleged act of physical violence which occurred in 1985. The complaint did not assert that incident as a basis for the alleged cruel and inhuman treatment, as required by CPLR 3016 (c), and that incident was not disclosed during examinations before trial. Plaintiff did not seek an amendment of the complaint, and under the circumstances, the trial court's refusal to allow testimony of that incident was a proper exercise of discretion.

At the start of plaintiff's direct case, the trial court refused to allow a witness to testify regarding an incident that occurred on September 18, 1988. The court concluded that the facts of that incident had been fully explored in a Family Court proceeding and that the Family Court Judge had resolved the facts in defendant's favor. We agree with plaintiff that the trial court should have allowed that witness to testify. Defendant, by failing to plead the defense of collateral estoppel or by failing to move either for amendment of the answer or for summary judgment on that ground, waived that defense (see, CPLR 3018 [b]; Rodriguez v City of New York, 92 AD2d 813, affd 62 NY2d 673). The error, however, does not warrant reversal. The court permitted plaintiff to testify in detail regarding the incident, and the witness who was precluded from testifying about the incident was not an eyewitness to the event. Plaintiff failed to make an offer of proof regarding the substance of the witness's testimony. Because plaintiff was permitted to present evidence of the incident and because it appears that the witness's testimony would have been cumulative, we conclude that the court's error was harmless. (Appeal from Judgment of Supreme Court, Onondaga County, Mordue, J.—Divorce.) Present—Denman, P. J., Green, Balio, Boehm and Fallon, JJ.