Requestor: Aldo V. Vitagliano, Esq., Corporation Counsel Village of Port Chester 10 Pearl Street Port Chester, N Y 10573
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have inquired as to a village's responsibility to pay for the legal defense of a police officer in relation to a negligent act or tort.
Under section 50-j of the General Municipal Law, notwithstanding the provisions of any other law to the contrary, every city, county, town, village, authority or agency is
 "liable for, and shall assume the liability to the extent that it shall save harmless, any duly appointed police officer . . . for any negligent act or tort, provided such police officer, at the time of the negligent act or tort . . . was acting in the performance of his duties and within the scope of his employment."
The courts have decided that this broad indemnification clause includes within its scope reimbursement of attorney's fees. Phillips v Legeret,141 A.D.2d 710 (2d Dept 1988); Young v Koch, 128 Misc.2d 119, 124 (Sup Ct N Y Co 1985).
Generally, the complaint alone does not determine the municipality's duty to provide a defense. Informal Opinion No. 90-12. A decision whether the alleged act occurred within the scope of employment should be made objectively, based on the actual facts of the case. Ibid. The duty to defend is broader than the ultimate obligation to indemnify.
You are concerned, where the village is a co-defendant with a police officer, with the implications of the village raising as a defense that the police officer's acts were outside the scope of his employment. Under these circumstances, it seems clear that the village's attorney cannot defend both the village and the police officer. In representing both parties, he would have conflicting legal positions. Young v Koch, supra,
at p 121. The police officer would be obliged to obtain private counsel.Ibid. Upon a judicial finding that the police officer had acted within the scope of his duties, the village would have a statutory duty under section 50-j of the General Municipal Law to save the police officer harmless for the reasonable value of attorney's fees incurred in defending the lawsuit. See, ibid.
We conclude that under section 50-j of the General Municipal Law a municipality is responsible for a police officer's legal defense costs in defense of a charge of negligence for actions committed within the scope of the officer's employment.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.