■ ONDEA BRANTLEY, Appellant-Respondent, v ANTHONY R. CALIANO, Respondent-Appellant. [773 NYS2d 669]—

Appeal and cross appeal from a judgment of the Supreme Court, Erie County (Edward A. Rath, Jr., J.), entered June 28, 2002. The judgment dismissed the complaint, upon a jury verdict, in favor of defendant in a personal injury action.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries to her cervical spine, lumbar spine, and left knee, which she allegedly sustained when defendant's vehicle rear-ended the vehicle in which she was a passenger. She appeals from a judgment in favor of defendant based upon a jury verdict finding that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The contention of plaintiff that Supreme Court committed reversible error in precluding her from presenting proof that her thoracic outlet syndrome (TOS) was not a cause of her cervical neck pain is without merit. Although the court initially rejected plaintiff's offer of proof on that point, when it later provided plaintiff an opportunity to make the offer of proof, counsel withdrew the offer (*see generally Weissman v New York Tel. Co.*, 178 AD2d 353, 354 [1991], *lv denied* 80 NY2d 753 [1992]). In any event, any error is harmless in light of the extensive testimony of plaintiff's neurosurgeon on how he ruled out TOS as the cause of plaintiff's cervical pain (*see Stemmer v Stemmer*, 182 AD2d 1120, 1121 [1992]). Contrary to the further contention of

plaintiff, the jury's finding that she did not sustain a serious injury is not against the weight of the evidence. "The conflicting medical opinions of the experts for plaintiff[ ] and defendant raised issues of credibility for the jury to determine" (*Tanner v Tundo,* 309 AD2d 1244, 1244 [2003]; *see Buck v Fulton City School Dist.,* 307 AD2d 745 [2003]), and we see no reason to disturb the jury's resolution of those credibility issues (*see Kalpakis v County of Nassau,* 289 AD2d 453, 454 [2001]). Finally, we reject plaintiff's contention that the objections of defendant's attorney during the trial were so groundless or disruptive that they amounted to egregious misconduct that precluded the jury from properly resolving the issues in the case (*cf. Kennedy v Children's Hosp. of Buffalo* [appeal No. 3], 288 AD2d 918 [2001]). Present—Pigott, Jr., P.J., Green, Hurlbutt, Scudder and Lawton, JJ.