■ MARINE MIDLAND BANK N.A., Respondent, v LAKE HUNTINGTON DEVELOPMENT GROUP, INC., Appellant, et al., Defendants. (And Two Other Related Actions.)—Casey, J. Appeal from an order of the Supreme Court (Williams, J.), entered March 1, 1991 in Sullivan County, which, *inter alia,* denied a motion by defendant Lake Huntington Development Group, Inc. for summary judgment dismissing the complaint against it.

These three actions arise out of a 1987 financing transaction whereby Lake Huntington Development Group, Inc. (hereinafter Lake Huntington) executed a note and mortgage in favor of Marine Midland Bank N.A. (hereinafter the Bank) and four individuals executed personal guarantees. In January 1990 Lake Huntington commenced an action against the Bank to rescind the note and mortgage, and the following month the individual guarantors commenced an action against the Bank to rescind their personal guarantees. Both actions set venue in New York County. The Bank commenced a foreclosure action against Lake Huntington, among others, in Sullivan County, where the mortgaged property is located, and filed a lis pendens. Lake Huntington moved to dismiss or stay the foreclosure action against it based upon its pending action for rescission against the Bank. The Bank cross-moved to have the two rescission actions removed from New York County and consolidated with the foreclosure action in Sullivan County. Supreme Court denied Lake Huntington's motion and granted the Bank's cross motion, resulting in this appeal by Lake Huntington.

Lake Huntington contends that because the Bank asserted counterclaims in the action by the individual guarantors, the Bank elected to pursue recovery on the debt as its remedy and was barred by RPAPL 1301 (3) from commencing the subsequent foreclosure action. We disagree. RPAPL 1301 (3) states: "While the action is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt, without leave of the court in which the former action was brought."

We are of the view that the phrase "the action" in RPAPL 1301 (3) refers to a foreclosure action (see, *Dollar Dry Dock Bank v Piping Rock Bldrs.*, 181 AD2d 709, 710; see also, Meehan, Practice Commentaries, McKinney's Cons Laws of NY, Book 49½, RPAPL 1301, 1992 Pocket Part, at 3). The statute precludes a mortgagee who has elected foreclosure from commencing an action on the mortgage debt without leave of the court (*Brown v Bellamy*, 170 AD2d 876, *lv denied* 78 NY2d 853). The relevant provision when a mortgagee has commenced an action on the mortgage debt and thereafter seeks to foreclose on the mortgage is RPAPL 1301 (1), which precludes commencement of a foreclosure action after final judgment has been rendered in an action on the debt unless certain conditions are satisfied. No final judgment has been rendered in favor of the Bank on any claim based on the mortgage debt and, therefore, there was no statutory bar to the commencement of the foreclosure action.

We also reject Lake Huntington's contention that removal of the rescission actions from New York County and joinder with the foreclosure action in Sullivan County was improper because the remedies sought by the two actions are exclusive of each other and inconsistent with the doctrine of election of remedies. "A motion to try the actions jointly is one directed to the sound discretion of the trial court" (*Ventures Intl. v Uppstrom*, 166 AD2d 321). The three actions all arise out of the same transaction and common to all three actions is the question of whether the Bank complied with its contractual obligation to make loan advances. In these circumstances, and in the absence of any showing by Lake Huntington that a substantial right would be prejudiced by joinder of the actions at this early stage, we see no abuse of discretion in Supreme Court's ruling (see, *Inspiration Enters. v Inland Credit Corp.*, 54 AD2d 839, 840, *appeal dismissed* 40 NY2d 1014, 41 NY2d 901).

When there is to be a joint trial of actions, venue should normally be placed in the county in which the first action was commenced (*Maldonado v Whiting*, 109 AD2d 871). Circumstances which negate that choice and which suggest preference for one county over another may, however, be considered by Supreme Court in the exercise of its discretionary authority to set the venue for the joint trial of actions (*Perinton Assocs. v Heicklen Farms*, 67 AD2d 832). In this case, the foreclosure action had to be tried in Sullivan County (see, CPLR 507) and, therefore, Supreme Court correctly set venue for the joint trial in Sullivan County.

Mikoll, J. P., Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.