■ FIRST NATIONWIDE BANK, Respondent, v BROOKHAVEN REALTY ASSOCIATES et al., Appellants, et al., Defendant. [637 NYS2d 418] —In an action, *inter alia,* to foreclose a mortgage on real property, the defendants Brookhaven Realty Associates, Allen I. Gross, Edith Gross, and Solomon Werdiger appeal, (1) as limited by their brief, from stated portions of an order of the Supreme Court, Queens County (Kitzes, J.), dated June 27, 1994, which, among other things, granted the plaintiff's motion for summary judgment to foreclose the mortgage and for a deficiency judgment, and (2) from an order of the same court,

dated September 1, 1994, which denied their motion for renewal and reargument. The defendant Edith Gross separately appeals from an order of the same court, dated January 18, 1994, which denied her motion for renewal and reargument of a decision of the same court, dated September 29, 1993, which, *inter alia,* determined the plaintiff's motion for summary judgment.

Ordered that the appeals from so much of the orders dated January 18, 1994, and September 1, 1994, as denied the branches of the appellants' motions which were for reargument are dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the appeal from so much of the order dated January 18, 1994, as denied the branch of Edith Gross's motion which was for renewal of the decision dated September 29, 1993, is dismissed, as no appeal lies from an order denying renewal of a decision *(see, DeFalco v JRS Confectionary,* 118 AD2d 752); and it is further,

Ordered that the order dated June 27, 1994, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated September 1, 1994, is reversed insofar as reviewed, the appellants' motion to renew is granted, and, upon renewal, the motion is denied; and it is further,

Ordered that the respondent is awarded one bill of costs.

Under the terms of the mortgage nonrecourse agreement between the plaintiff, First Nationwide Bank (hereinafter the Bank), and the defendant Brookhaven Realty Associates, a general partnership (hereinafter Brookhaven), it was agreed that Brookhaven and its individual partners would not be personally liable in the event of a default except under certain conditions. One such condition occurred if a bankruptcy proceeding was commenced by or against Brookhaven and that proceeding was not dismissed or otherwise resolved within 90 days of its filing so as to permit the Bank to exercise its security interest in the property. Brookhaven defaulted on the mortgage. The Bank thereafter commenced an action in Federal court against Brookhaven and a number of other parties to whom the Bank had extended loans alleging, *inter alia,* that Brookhaven had committed fraud in obtaining its loan from the Bank. The Bank then commenced this foreclosure action against Brookhaven and Brookhaven filed a voluntary petition in bankruptcy. The bankruptcy proceeding was not dismissed until well after the 90-day period set forth in the nonrecourse agreement had expired. Following the dismissal of the bankruptcy proceeding the Bank sought a determination

in the foreclosure action that it was entitled to a deficiency judgment against Brookhaven and its partners in view of Brookhaven's triggering of the bankruptcy default clause. The Bank's motion for summary judgment to foreclose the mortgage was granted, and the court found that Brookhaven, Allen I. Gross, Edith Gross, and Solomon Werdiger, as partners in Brookhaven, could be personally liable for any deficiency. The cross motion of the defendant Edith Gross for summary judgment on her claim that she was not a partner in Brookhaven was denied and summary judgment was awarded to the Bank on that issue.

The appellants claim that the Supreme Court erred in permitting the Bank to exercise its rights to seek a deficiency judgment because the bankruptcy default clause contained in the nonrecourse agreement is in violation of section 365 (e) of the 1978 Bankruptcy Code *(see,* 11 USC § 365 [e]). This claim is without merit.

Once the bankruptcy proceeding terminated the enforceability of that clause was to be determined by State law and the contract between the parties *(see, Riggs Natl. Bank v Perry,* 729 F2d 982, 987; *In re Wilson,* 97 Bankr 285, 287). Even assuming, as the Supreme Court did, that the Bankruptcy Code applied, the court properly found that section 365 (e) did not apply herein because a mortgage is not an "executory" contract as defined under the Bankruptcy Code *(see, In re Pacific Express,* 780 F2d 1482, 1487; *In re Boutiette,* 168 Bankr 474, 480; *Matter of North Am. Dealer Group,* 16 Bankr 996, 1000; *In re ESS Lambert Assocs.,* 62 Bankr 328, 336).

Although several bankruptcy courts have applied 1978 Bankruptcy Code (11 USC) § 365 (e) to nonexecutory contracts, we are not bound by those decisions. Moreover, the policies of providing a debtor with a fresh start and an opportunity to reorganize its finances *(see, Riggs Natl. Bank v Perry, supra,* at 985) are not present in a foreclosure proceeding. Nor does the Bankruptcy Code's broad purpose of protecting the debtor's estate to permit the equitable distribution of its assets to the creditors *(see, Matter of William B. Kessler, Inc.,* 23 Bankr 722, *affd* 55 Bankr 735) apply here. Brookhaven's bankruptcy petition demonstrates that the Bank was its only major creditor.

We are also not persuaded that the Bank waived its right to seek recourse against Brookhaven and its partners by entering into a Cash Collateral Stipulation (hereinafter the Stipulation) with Brookhaven while the bankruptcy proceeding was pending. That Stipulation did not dismiss or otherwise resolve the bankruptcy proceeding within 90 days of its filing, as required

by the nonrecourse agreement. Nor did the Stipulation permit the Bank to "enforce its security interest" as the exercise of that interest implies "some right on the part of the creditor to exercise dominion over the pledged property" *(Bassett v Salter,* 25 NYS2d 176, 177, *affd* 262 App Div 967). Moreover, the Bank was under no contractual obligation to attempt to enforce any rights it may have had during the pendency of the bankruptcy proceeding.

As a bankruptcy default clause is enforceable under the laws of this State *(see, W.F.M. Rest. v Austern,* 35 NY2d 610), the one at issue here should be enforced. The appellants are bound by the terms of the contract and enforcement of the bankruptcy default clause is neither inequitable, oppressive, or unconscionable *(see, Graf v Hope Bldg. Corp.,* 254 NY 1; *Jamaica Sav. Bank v Cohan,* 36 AD2d 743). Moreover, the recovery of a deficiency judgment is specifically contemplated by statute *(see,* RPAPL 1371 [2]).

The appellants contend that the court overlooked their claim that the foreclosure proceeding was commenced in violation of RPAPL 1301 because the Bank had previously commenced the action in Federal court to recover what the appellants claim was part of the mortgage debt. However, the appellants' counsel conceded, in his affidavit in opposition to the Banks' motion for summary judgment, that the Bank was entitled to foreclosure if the court had jurisdiction over the appellants, and the appellants never raised the RPAPL defense in opposition to the Bank's motion. As jurisdiction was proper, the appellants cannot now claim that the Supreme Court failed to address a defense that was explicitly waived. While the appellants also argue that the determination in the Federal action collaterally estopped the Bank from pursuing foreclosure, that issue was waived by their failure to raise it at any time prior to the granting of the Bank's motion for summary judgment *(see, Stemmer v Stemmer,* 182 AD2d 1120).

Because the appellants' motion to renew was based on the Bank's initiation of an action in the Supreme Court, New York County, after summary judgment was granted herein, the court erred in declining to hear the motion on the merits. Where "a different state of facts has arisen since the first motion, a new motion based on these facts, but seeking the same relief as that sought in the first motion, may be made as a matter of right" (2 Carmody-Wait 2d, NY Prac § 8:73, at 392-393; *De Lacy v Kelly,* 147 App Div 37). In any event, assuming that the New York County action was to recover part of the mortgage debt, the appellants' contention that the initiation of that ac-

tion requires dismissal of the foreclosure proceeding is without merit. RPAPL 1301 (3) prohibits a party from commencing an action at law to recover any part of the mortgage debt while the foreclosure proceeding is pending or has not reached final judgment, without leave of the court in which the foreclosure action was brought *(see, Marine Midland Bank v Lake Huntington Dev. Group,* 185 AD2d 395, 396). Thus, the statute contemplates a stay or dismissal of the later commenced action at law if leave is not obtained, not a dismissal of the foreclosure action.

Turning to the claims of Edith Gross, the court properly found that there were no triable issues of fact in determining that she was liable as a partner for any deficiency judgment. On the mortgage loan application Brookhaven represented that it was a "General Partnership" and Edith Gross indicated that she was a "G.P" with "50%" ownership of that partnership. Having established that Edith Gross represented herself as a partner on the loan application, the Bank made a prima facie showing that it was entitled to summary judgment *(see, Ranieri v Leavy,* 180 AD2d 723). The affidavits submitted by Edith Gross and defense counsel contained only " 'bald, conclusory allegations' " that Edith Gross was not a partner, and were not sufficient to create a triable issue of fact *(McDermott v South Farmingdale Water Dist.,* 167 AD2d 517, 518; *see, Jones v Gameray,* 153 AD2d 550, 551). Nor did the court err in denying her motion to renew based on the submission of a partnership certificate, executed one month after the loan application was executed, that identified only Allen Gross and Solomon Werdiger as partners in Brookhaven. Because the certificate did not exist at the time the loan application was executed, it does not raise a triable issue of fact concerning whether the Bank relied upon her representation that she was a partner at the time the Bank agreed to extend the loan. Balletta, J. P., Thompson, Joy and Goldstein, JJ., concur.