■ NICHOLAS SABBATINI, Appellant, v BENITO GALATI et al., Respondents, et al., Defendants. [789 NYS2d 504]—

In an action, inter alia, to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Hart, J.), dated April 20, 2004, which granted the motion of the defendant Elizabeth Galati, in which the defendants Benito Galati, Maria Galati, and Joseph Gallo joined, pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

In January 1994 the defendants Benito Galati and Maria Galati executed a second mortgage in favor of the plaintiff on property they owned to secure payment of a debt. The plaintiff did not record the mortgage. Several months later, the plaintiff obtained a confession of judgment from Benito Galati based on the same mortgage debt. The plaintiff subsequently filed the confession of judgment and his judgment was docketed in November 1994. However, he never attempted to execute on his judgment.

In July 1994 Benito Galati and Maria Galati executed another mortgage on the property, this one in favor of the defendant Joseph Gallo. In August 1994 the bank that held the first mortgage on the property commenced an action to foreclose its mortgage. The plaintiff was not made a party to that action. A judgment of foreclosure and sale ultimately was entered and the property was sold to Gallo at a foreclosure sale held in September 1995. Approximately five years later, Gallo conveyed the property to the defendant Elizabeth Galati, the daughter of Benito Galati and Maria Galati.

The plaintiff subsequently commenced this action, inter alia,

to set aside the conveyance from Gallo to Elizabeth Galati, to restore title to Benito Galati and Maria Galati, and to foreclose his mortgage, alleging that the Galatis and Gallo (collectively the respondents) engaged in a fraudulent scheme to render Benito Galati and Maria Galati judgment proof. Elizabeth Galati made a motion, in which the other respondents joined, to dismiss the complaint, inter alia, on the ground that it failed to state a cause of action in that, among other things, the plaintiff elected to proceed on the debt by filing the confession of judgment and could not maintain an action to foreclose his mortgage until he obtained an unsatisfied execution. The Supreme Court granted the motion, concluding, inter alia, that the complaint failed to state a cause of action for which relief could be granted because Gallo took title without notice of the plaintiff's mortgage and sold the property without notice of any claims. We affirm, but for a different reason.

RPAPL 1301 (1) provides that "[w]here final judgment for the plaintiff has been rendered in an action to recover any part of the mortgage debt, an action shall not be commenced or maintained to foreclose the mortgage, unless an execution against the property of the defendant has been issued . . . and has been returned wholly or partly unsatisfied." The plaintiff elected to obtain a judgment on the mortgage debt rather than pursue foreclosure. Although his judgment was docketed in 1994, he never attempted to execute on the judgment. Therefore, no execution was issued and returned unsatisfied. Under the circumstances, the action is barred by RPAPL 1301 (1) (see Simms v Soraci, 252 AD2d 519 [1998]).

In light of our determination, we need not address the parties' remaining contentions. Florio, J.P., Krausman, Goldstein and Mastro, JJ., concur.