■ VNB New York Corp., Appellant, v Tibor J. Paskesz, Also Known as Jacob Paskesz, et al., Respondents, et al., Defendants. [18 NYS3d 68]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Demarest, J.), dated October 29, 2013, as granted that branch of the defendants' cross motion which was to dismiss the complaint pursuant to CPLR 3211 (a) for failure to comply with RPAPL 1301 and, in effect, denied, as academic, its motion, inter alia, for summary judgment on the complaint insofar as asserted against Tibor J. Paskesz, also known as Jacob Paskesz, and Eva Paskesz.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendants' cross motion which was to dismiss the complaint pursuant to CPLR 3211 (a) for failure to comply with RPAPL 1301 is denied, and the matter is remitted to the Supreme Court, Kings County, for consideration of the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against Tibor J. Paskesz, also known as Jacob Paskesz, and Eva Paskesz.

Pursuant to RPAPL 1301, "[t]he holder of a note and mortgage may proceed at law to recover on the note or proceed in equity to foreclose on the mortgage, but must only elect one of these alternate remedies" (*Gizzi v Hall*, 309 AD2d 1140, 1141 [2003]; *see Aurora Loan Servs., LLC v Lopa*, 88 AD3d

929, 930 [2011]). "The purpose of the statute is to avoid multiple lawsuits to recover the same mortgage debt" (*Aurora Loan Servs., LLC v Lopa*, 88 AD3d at 930). Courts have recognized that "RPAPL 1301 should be strictly construed since it is in derogation of a plaintiff's common-law right to pursue the alternate remedies of foreclosure and recovery of the mortgage debt at the same time" (*Dollar Dry Dock Bank v Piping Rock Bldrs.*, 181 AD2d 709, 710 [1992]; *see Hometown Bank of Hudson Val. v Colucci*, 127 AD3d 702 [2015]; *Hometown Bank of Hudson Val. v Belardinelli*, 127 AD3d 700 [2015]; *Valley Sav. Bank v Rose*, 228 AD2d 666 [1996]).

RPAPL 1301 (1) provides that "[w]here final judgment for the plaintiff has been rendered in an action to recover any part of the mortgage debt, an action shall not be commenced or maintained to foreclose the mortgage, unless an execution against the property of the defendant has been issued . . . and has been returned wholly or partly unsatisfied" (*see Sabbatini v Galati*, 14 AD3d 547, 548 [2005]). Stated another way, an action for foreclosure cannot be maintained where the plaintiff has previously pursued a separate action on the note and recovered a money judgment against the defendant which has not been satisfied (*see Simms v Soraci*, 252 AD2d 519 [1998]; *see also Marine Midland Bank v Lake Huntington Dev. Group*, 185 AD2d 395 [1992]).

RPAPL 1301 (3), on the other hand, "prohibits a party from commencing an action at law to recover any part of the mortgage debt while the foreclosure proceeding is pending or has not reached final judgment, without leave of the court in which the foreclosure action was brought" (*First Nationwide Bank v Brookhaven Realty Assoc.*, 223 AD2d 618, 622 [1996]; *see* RPAPL 1301 [3]; *Marine Midland Bank v Lake Huntington Dev. Group*, 185 AD2d at 396).

Here, the plaintiff commenced an action, inter alia, for replevin first and, thereafter, commenced this foreclosure action. As such, RPAPL 1301 (1), and not RPAPL 1301 (3), applies to this matter. However, since no final judgment has been entered in the replevin action, RPAPL 1301 (1), by its own terms, does not preclude the commencement of this foreclosure action against the defendants (*see Marine Midland Bank v Lake Huntington Dev. Group*, 185 AD2d at 396; *see also Sabbatini v Galati*, 14 AD3d at 548; *Simms v Soraci*, 252 AD2d at 520).

The parties' remaining contentions are without merit.

Accordingly, the Supreme Court erred in granting that branch of the defendants' cross motion which was to dismiss

the complaint pursuant to CPLR 3211 (a) for failure to comply with RPAPL 1301.

The Supreme Court, in effect, denied, as academic, the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the respondents. In light of our determination, the Supreme Court must consider the motion upon remittal. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.