**Wilmington Trust, N.A. v Gawlowski**

2022 NY Slip Op 34671(U)

April 18, 2022

Supreme Court, Suffolk County

Docket Number: Index No. 610595/2021

Judge: John H. Rouse

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

Index Number: 610595/2021

## SUPREME COURT - STATE OF NEW YORK
## I.A.S. PART I2 - SUFFOLK COUNTY

*PRESENT:*
HON. JOHN H. ROUSE, ACTING J.S.C.

MOTION DATE: 12/15/2021
ADJ. DATE: 01/20/2022
MOT. SEQ.001-MG

MOTION DATE: 01/20/2022
ADJ. DATE: 01/20/2022
MOT. SEQ.002-MD
*e-filed partial participation*

---

Wilmington Trust, N.A., Not In Its Individual Capacity,
But Solely As Trustee For Mfra Trust 2014-2,

Plaintiff

-against-

**DECISION AND ORDER**

Edward Gawlowski A/K/A Edward W. Gawlowski,
Victoria Gawlowski A/K/A Victoria M. Gawlowski, Val-
Elm Realty Corp., Portfolio Recovery Associates, LLC,
John Doe And Jane Doe,

Defendants

---

**TO:**

FRIEDMAN VARTOLO LLP
85 BROAD STREET, SUITE 501
NEW YORK, NY 10004
212-471-5191

CHRISTOPHER ROSADO ESQ.
MILLER, ROSADO & ALGIOS, LLP
320 OLD COUNTRY ROAD, STE. 103
GARDEN CITY, NY 11530
516-294-5301

Upon the reading and filing of the following papers in this matter: (1) Notice of Motion by Plaintiff for an Order granting Plaintiff summary judgment and default judgment against all other non-appearing defendants; striking the affirmative defenses and dismissing the counterclaim in the Answer of Defendants, Edward W. Gawlowski and Victoria M. Gawlowski; appointing a Referee to compute the total sums due and owing to Plaintiff; amending the case caption; and any further relief for Plaintiff as deemed just and proper by this Court. (2) Notice of Cross Motion by Defendants Edward W. Gawlowski and Victoria M. Gawlowski for an Order: pursuant to CPLR §3212 granting defendants Edward W. Gawlowski

[* 1]

and Victoria M. Gawlowski summary judgment on the Second Affirmative Defense set forth in their Answer with Counterclaim dated June 30, 2021 (the "Answer") dismissing the action as well as granting them judgment on the lone counterclaim contained in the Answer; and granting such other and further relief as to the Court seems just and proper; and (3) e-filed documents 1-105; it is:

***ORDERED*** that the Plaintiff's motion (Sequence 001) for summary judgment is *granted* to the extent that Plaintiff shall have summary judgment on all traversable issues in this action in foreclosure except for proof that it was a holder in due course of the note on the date this action was commenced, that the Defendants defaulted in repayment of the note prior to the commencement of this action, and the amounts due to the Plaintiff under the note; and it is further

***ORDERED*** that the cross motion for summary judgment (Sequence 002) by Defendants is *denied*; and it is further

***ORDERED*** that Plaintiff is directed to file a note of issue and certificate of readiness in conformity with 22 NYCRR § 202.21; and it is further

***ORDERED*** that upon the filing of the note of issue the clerk will schedule this case for trial at the first available date whereupon the Plaintiff will appear with the original note with allonges affixed thereto, and the Defendants Edward Gawlowski and Victoria Gawlowski will personally appear before this court to give such testimony and present such evidence that they are not in default in repayment of the note, thereafter if necessary the court will receive evidence on the total amount due under the note, if any; and it is further

***ORDERED*** that Plaintiff is directed to promptly serve on the Defendants a copy of this decision and order together with notice of entry.

### DECISION

On June 4, 2021, Plaintiff commenced this action in foreclosure, Plaintiff then filed an Amended Complaint on June 14, 2021. On July 1, 2021, the Defendants Edward Gawlowski and Victoria Gawlowski filed an answer with thirteen affirmative defenses and a counterclaim for attorney's fees.

Together with Plaintiff's motion for summary judgment, Plaintiff served a statement of material facts in conformity with 22 NYCRR 202.8-g. Defendants responded and admitted the authenticity of the note and mortgage, the proper service of RPAPL § 1304 notices, and the proper service of a notice of default as required by the note.

To establish a *prima facie* case in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default and, where, as here, the plaintiff's standing is

[* 2]

placed in issue by a defendant, the plaintiff must prove its standing[1] as part of its *prima facie* showing. *Aurora Loan Servs., LLC v Vrionedes, 167 AD3d 829 (2d Dept 2018).*

The Defendants oppose the motion upon their contention that Plaintiff did not submit admissible proof of the Gawlowskis' alleged default on their mortgage obligation. Second, Defendants contend there are clear issues of fact regarding Wilmington's standing to bring this action, as demonstrated by the "utterly confusing allonges and nonsequential mortgage assignments annexed to Wilmington's motion." Finally, Defendants argue Wilmington's motion should be denied, and the Gawlowskis' cross-motion should be granted because the current action is time-barred, because the six-year statute of limitations commenced to run on the mortgage debt in August 2011, when a prior foreclosure action against the Gawlowskis was commenced in this Court. All of the remaining defenses asserted by counsel for the Defendants in the answer are abandoned. *See NY Commercial Bank v J. Realty F Rockaway, Ltd., 108 AD3d 756 (2d Dept 2013) citing HSBC Bank USA, N.A. v Taher, 104 AD3d 815 (2013); Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239 (2007); and First Nationwide Bank v Brookhaven Realty Assoc., 223 AD2d 618, 621, 637 NYS2d 418 (1996).*

### Statute of Limitations

On June 4, 2021, Plaintiff commenced this action to foreclose on premises known as 31 Harrison Drive, Shirley, New York 11967 that secured a consolidated note executed on September 10, 2007 by Edward W. Gawlowski and Victoria M. Gawlowski (Gawlowski Defendants) in the sum of $246,896.49. The Gawlowski Defendants executed the consolidated note to secure that sum with a fixed interest rate of 9.93103% per annum, payable in successive monthly installments of $2,154.12 on the fourteenth day of each month commencing October 14, 2007, and the final payment to be made September 14, 2037. *See e-filed document 3.* Plaintiff alleges the Gawlowski Defendants defaulted under the terms of the loan documents by failing to make the monthly installment due on August 14, 2011.

On or about August 22, 2011, Plaintiff's predecessor-in-interest commenced an Action in this Court entitled *Citicorp Trust Bank, FSB v. Edward W. Gawlowski. et al, Index No. 26224/2011* (the "Prior Action") to foreclose the Mortgage. The Plaintiff moved for a default judgment and the Defendants cross moved for dismissal pursuant to CPLR § 3215(c). The trial court concluded that the Defendants had waived their right to a dismissal under CPLR § 3215(c) but the Appellate Division of the Supreme Court in *Wilmington Trust, NA v Gawlowski, 189 AD3d 1521 (2d Dept December 23, 2020)* reversed and dismissed the case as abandoned under CPLR § 321(c). Defendants served notice of entry of the decision reversing the trial court on January 14, 2021. *See Notice of Entry, e-filed document 13, in Index Number 026244/2011.* On June 4, 2021, Plaintiff commenced this action and contends that it is timely pursuant to CPLR § 205(a).

---

[1] Court of Appeals J. Wilson, in a concurring opinion cogently explains that the use of the law of "standing" in the context of foreclosure actions is misleading when the true question is whether the Plaintiff is a holder in due course with a contractual right to enforce the note secured by a mortgage, this issue is never waived and is an element of the Plaintiff's claim to enforce a contract. *See US Bank N.A. v Nelson, 36 NY3d 998 (2020).*

Page **3** of **5**

§ 205. Termination of action.

(a) New action by plaintiff. If an action is timely commenced and is terminated in any other manner than by a <u>voluntary discontinuance</u>, a <u>failure to obtain personal jurisdiction</u> over the defendant, a dismissal of the complaint for <u>neglect to prosecute</u> the action, or a <u>final judgment upon the merits</u>, the plaintiff, or, if the plaintiff dies, and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period. Where a dismissal is one for neglect to prosecute the action made pursuant to rule thirty-two hundred sixteen of this chapter or otherwise, the judge shall set forth on the record the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation.

The Plaintiff timely recommenced this action and the prior action had <u>not</u> been dismissed upon any of the exceptions to CPLR § 205 that bar a new action after termination of the previous action.

Defendants contend that the court in *Deutsche Bank Natl. Trust Co. v Brathwaite, 197 AD3d 557 (2d Dept 2021)* held that an action dismissed pursuant to CPLR § 3215(c) was not entitled to the saving provision of CPLR § 205. That is incorrect. In *Braithwaite* the court expressly held that a CPLR § 3215(c) dismissal was <u>not</u> on the merits and was not a dismissal with prejudice. The reference in CPLR § 205 to "a dismissal of the complaint for neglect to prosecute the action" is a reference, as expressly made in CPLR § 205, to a dismissal pursuant to CPLR § 3216. Plaintiff's action was <u>not</u> dismissed pursuant to CPLR § 3216. Accordingly, the Defendants' cross motion to dismiss the present action pursuant to CPLR § 3212, upon their contention the action is barred by the statute of limitations, is denied.

<u>Proof of Default in Repayment</u>

Defendants contend that the Plaintiff has failed to make a *prima facie* case that Defendants have defaulted on the note. Payment, at trial, is an affirmative defense. *See Redmond v Hughes, 151 AD 99 [2d Dept (1912) and CPLR § 3018(b).* However, upon a motion for summary judgment in a foreclosure action, it is the Plaintiff that bears the initial burden to present *prima facie* evidence that the Defendant(s) defaulted in payment on the note. *See Wells Fargo Bank, N.A. v Gross, 202 AD3d 882 (2d Dept 2022); U.S. Bank N.A. v Campbell, 202 AD3d 1137 (2d Dept 2022); Bank of NY Mellon v Deloney, 197 AD3d 548 (2d Dept 2021); Flatbush Two, LLC v Morales, 190 AD3d 826 (2d Dept 2021); Wilmington Sav. Fund, FSB v Peters, 189 AD3d 937 (2d Dept 2020); JPMorgan Chase Bank, N.A. v Akanda, 177 AD3d 718 (2d Dept 2019); Household Fin. Realty Corp. of NY v Adeosun-Ayegbusi, 156 AD3d 870 (2d Dept 2017).*

The court in *Bank of NY Mellon v Gordon, 171 AD3d 197 (2d Dept 2019)* recognized that proving that something did <u>not</u> occur, payment on the note, is quite different than proving that something <u>did</u> occur and noted that a Plaintiff in a foreclosure action may rely on a notice to admit, CPLR § 3123, to make its *prima facie* case that there has been a default in repayment of a note.

[* 4]

Here, Plaintiff in support of its summary judgment motion relies upon the affidavit of Priscilla Serrato as evidence of the Defendants' default in repayment due on August 14, 2011, and thereafter. *See e-filed document 68.* It is uncertain, under current appellate authority, whether this proof is satisfactory. Accordingly, this issue will be addressed at trial as will the issue of standing, as provided below.

### Plaintiff's Standing

Where standing is put into issue by the defendant, the plaintiff must prove its standing in order to be entitled to relief. *Bayview Loan Servicing, LLC v Kelly, 166 AD3d 843.* Here, the Plaintiff has filed proof of assignments of the "mortgage." *See e-filed document 36.* Plaintiff has also filed with the complaint a copy of the note that is not endorsed on its face, but is purported to have been endorsed in allonges filed with the note.

A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced. *Aurora Loan Servs., LLC v Taylor, 25 NY3d 355.*

Plaintiff has filed proof that it is the assignee of the mortgage. The assignment of a mortgage is a nullity. *Kluge v Fugazy, 145 AD2d 537 (2d Dept 1988).* However, Plaintiff also filed the note and allonges at the time it commenced this case, this demonstrates it possessed the note and allonges when it started this action. *See Deutsche Bank Natl. Trust Co. v Bowens, 181 AD3d 871 (2d Dept 2020).* A promissory note is a negotiable instrument within the meaning of the Uniform Commercial Code, UCC 3-104[2][d]. A "holder" is "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." *UCC 1-201[b][21][A]; see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684).*

Here the endorsements relied upon by the Plaintiff are found in allonges. In order for an allonge to serve as proof of the transfer of the rights as a holder in due course it must be "so firmly affixed thereto as to become a part thereof" when it came into the possession of the plaintiff. *UCC 3-202[2]; and see U.S. Bank N.A. v Moulton, 179 AD3d 734.* This court cannot presume the copies of the note and allonges filed in this case meet this requirement, and it remains an issue for trial.

Accordingly, the Plaintiff's motion (Sequence 001) for summary judgment is granted in part as provided in the orders above and the Defendants' cross motion (Sequence 002) is denied.

The foregoing shall constitute the decision and order of the court.

Dated: April 18, 2022

ENTER:

NON-FINAL DISPOSITION

_____

JOHN H. ROUSE

ACTING J.S.C.

[* 5]