Bank of Am., N.A. v Scher (2022 NY Slip Op 03365)





Bank of Am., N.A. v Scher


2022 NY Slip Op 03365


Decided on May 25, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2019-01368
 (Index No. 519232/17)

[*1]Bank of America, N.A., respondent, 
v
Zelda Scher, et al., defendants, Johar Equity, LLC, et al., appellants.


Perry Balagur, Brooklyn, NY, for appellants.
Fidelity National Law Group, New York, NY (Donald G. Davis of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL 1501(4) to cancel and discharge of record certain mortgages and for related declaratory relief, the defendants Johar Equity, LLC, and Mew Equity, LLC, appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Francois A. Rivera, J.), dated November 30, 2018. The order and judgment, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the first and second causes of action insofar as asserted against the defendants Johar Equity, LLC, and Mew Equity, LLC, denied those branches of the cross motion of the defendants Johar Equity, LLC, and Mew Equity, LLC, which were for summary judgment dismissing the first and second causes of action insofar as asserted against them, canceled and discharged of record two mortgage modification, extension, and spreader agreements dated May 10, 2006, in the principal sums of $750,000 and $1,600,000 as against the subject property, directed the Kings County Clerk to cancel and discharge from the record against the subject property the two subject mortgage modification, extension, and spreader agreements, and declared that a mortgage dated May 29, 2007, encumbering the subject property in the initial principal sum of $392,000 given by the defendant Zelda Scher to the plaintiff is free from and not subject to any mortgages that the defendants Johar Equity, LLC, and Mew Equity, LLC, may hold against the subject property and had priority over any alleged liens of the defendants Johar Equity, LLC, and Mew Equity, LLC, upon the subject property.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
On May 10, 2006, the defendants Johar Equity, LLC, and Mew Equity, LLC (hereinafter together the Johar defendants), obtained, inter alia, two mortgage modification, extension, and spreader agreements, one in the principal sum of $750,000 and the other in the principal sum of $1,600,000 (hereinafter the spreader mortgages), encumbering multiple properties, including a certain condominium unit located on Skillman Street in Brooklyn (hereinafter the unit). The spreader mortgages were given by the properties' owners at the time, which included the defendant Franskill Development, LLC (hereinafter Franskill). The spreader mortgages provided that Franskill, among others, was required to make a lump-sum balloon payment on the specified maturity date of January 5, 2008.
By deed dated January 31, 2007, Franskill transferred title to the unit to a nonparty, and by deed dated May 29, 2007, that nonparty transferred title to the unit to the defendant Zelda Scher. On May 29, 2007, Scher executed a note in favor of the plaintiff, Bank of America, N.A. (hereinafter BANA), in the sum of $392,000, which was secured by a mortgage encumbering the unit.
In December 2008, pursuant to arbitration provisions in the spreader mortgages, the Johar defendants, among others, commenced an arbitration proceeding before the Beth Din of Kollel Harabbonim (hereinafter the Beth Din), a rabbinical court, to collect on the notes secured by the spreader mortgages. In August 2012, the Beth Din issued an award against Franskill and others in favor of the Johar defendants, among others. In an order dated January 30, 2014, the Supreme Court, among other things, confirmed the award of the Beth Din as modified. On May 27, 2017, the court entered a judgment in favor of, among others, the Johar defendants against, among others, Franskill.
On December 27, 2013, the Johar defendants commenced an action, inter alia, to foreclose the spreader mortgage in the sum of $750,000 and a separate action to foreclose the spreader mortgage in the sum of $1,600,000. In January 2015, the Johar defendants voluntarily discontinued the foreclosure actions.
In October 2017, BANA commenced this action against the Johar defendants, among others, inter alia, pursuant to RPAPL 1501(4) to cancel and discharge of record the spreader mortgages as against the unit and for related declaratory relief. BANA thereafter moved, among other things, for summary judgment on the first and second causes of action, which sought, pursuant to RPAPL 1501(4), to cancel and discharge of record the spreader mortgage in the sum of $750,000 and the spreader mortgage in the sum of $1,600,000, respectively, as against the unit, insofar as asserted against the Johar defendants. BANA contended, inter alia, that the statute of limitations for the Johar defendants to commence foreclosure actions on the spreader mortgages had expired. The Johar defendants opposed the motion and cross-moved, inter alia, for summary judgment dismissing the first and second causes of action insofar as asserted against them. In an order and judgment dated November 30, 2018, the Supreme Court, among other things, granted those branches of BANA's motion which were for summary judgment on the first and second causes of action insofar as asserted against the Johar defendants, denied those branches of the Johar defendants' cross motion which were for summary judgment dismissing the first and second causes of action insofar as asserted against them, canceled and discharged of record the spreader mortgages as against the unit, and declared that BANA's mortgage is free from and not subject to any mortgages that the Johar defendants may hold against the unit and had priority over any alleged liens of the Johar defendants upon the unit. The Johar defendants appeal.
"Pursuant to RPAPL 1501(4), a person having an estate or an interest in real property subject to a mortgage can seek to cancel and discharge of record that encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage has expired, provided that the mortgagee or its successor was not in possession of the subject real property at the time the action to cancel and discharge of record the mortgage was commenced" (Scarso v Wilmington Sav. Fund Socy., FSB, 200 AD3d 817, 818; see RPAPL 1501[4]; Oakdale III, LLC v Deutsche Bank Natl. Trust Co., 189 AD3d 1685, 1686-1687). An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]), which begins to run from the due date of each unpaid installment, from the date the mortgagee is entitled to demand full payment, or from the date the mortgage debt has been accelerated (see Fulton Holding Group, LLC v Lindoff, 165 AD3d 1057, 1059-1060; Bank of N.Y. Mellon v Celestin, 164 AD3d 733, 735; Zinker v Makler, 298 AD2d 516, 517).
Here, BANA demonstrated that the statute of limitations began to run on January 5, 2008, the date that Franskill, among others, was obligated to make a balloon payment under the terms of the spreader mortgages (see Milone v US Bank N.A., 164 AD3d 145, 152; Plaia v Safonte, 45 AD3d 747, 749; Your New Home, LLC v JP Morgan Chase Bank, N.A., 62 Misc 3d 1046 [Sup Ct, Westchester County]). Thus, BANA established, prima facie, that as of the commencement of this action, any new foreclosure action by the Johar defendants would be time-barred by the [*2]applicable six-year statute of limitations (see Mardenborough v U.S. Bank N.A., 201 AD3d 641; Daldan, Inc. v Deutsche Bank Natl. Trust Co., 188 AD3d 989, 990-991).
In opposition, the Johar defendants failed to raise a triable issue of fact (see Daldan, Inc. v Deutsche Bank Natl. Trust Co., 188 AD3d at 990-991; Yadegar v Deutsche Bank Natl. Trust Co., 164 AD3d 945). Contrary to the Johar defendants' contention, the time during which their proceedings before the Beth Din and to confirm the arbitration award were pending did not toll the running of the statute of limitations pursuant to CPLR 204(a) and RPAPL 1301. CPLR 204(a) authorizes the tolling of a statute of limitations where the commencement of an action is stayed by a court or by a statutory prohibition. Pursuant to RPAPL 1301(1), an action to foreclose a mortgage cannot be maintained where the plaintiff has previously pursued a separate action on the note and recovered a money judgment against the defendant that has not been satisfied (see VNB N.Y. Corp. v Paskesz, 131 AD3d 1235, 1236). As no final judgment had been entered in the proceeding to confirm the arbitration award within the six-year statute of limitations, the Johar defendants were not prohibited from commencing a foreclosure action within that time period, and RPAPL 1301(1) could not operate as a statutory prohibition for the purpose of tolling the statute of limitations (see VNB N.Y. Corp. v Paskesz, 131 AD3d 1235; Marine Midland Bank v Lake Huntington Dev. Group, Inc., 185 AD2d 395, 396; see also First Am. Tit. Ins. Co. v Holohan, 189 AD3d 1180, 1182; Daldan, Inc. v Deutsche Bank Natl. Trust Co., 188 AD3d at 991; Citimortgage, Inc. v Ford, 186 AD3d 1609, 1610; cf. Phalen-Sobolevsky v Mullin, 26 AD3d 806).
The Johar defendants also failed to raise triable issues of fact as to whether a certain "master agreement" extended the maturity dates in the spreader mortgages. Among other things, the master agreement provided that the maturity dates in the spreader mortgages would be extended only if certain conditions were met, and the Johar defendants have neither contended nor presented any evidence that those conditions had been satisfied.
Accordingly, the Supreme Court properly granted those branches of BANA's motion which were for summary judgment on the first and second causes of action insofar as asserted against the Johar defendants and properly denied those branches of the Johar defendants' cross motion which were for summary judgment dismissing the first and second causes of action insofar as asserted against them.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court