Fieldpoint Private Bank & Trust v 78 Realty Holdings, LLC (2024 NY Slip Op 02522)

Fieldpoint Private Bank & Trust v 78 Realty Holdings, LLC

2024 NY Slip Op 02522

Decided on May 8, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 8, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-06318
 (Index No. 508993/19)

[*1]Fieldpoint Private Bank & Trust, appellant,
v
78 Realty Holdings, LLC, respondent, et al., defendants.

Berlandi Nussbaum & Reitzas LLP, New York, NY (John P. O'Brien of counsel), for appellant.
Craig Stuart Lanza, PLLC, Brooklyn, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated July 11, 2022. The order granted the motion of the defendant 78 Realty Holdings, LLC, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it for failure to comply with RPAPL 1301 and denied the plaintiff's cross-motion, inter alia, for summary judgment on the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendant 78 Realty Holdings, LLC, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it for failure to comply with RPAPL 1301, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, without costs or disbursements.
In April 2016, the defendant 78 Realty Holdings, LLC (hereinafter 78 Realty), executed a promissory note in favor of the plaintiff, Fieldpoint Private Bank & Trust, for a loan in the sum of $3.5 million. The note was secured by a mortgage on certain real property located in Brooklyn and a guaranty by the defendant Michael Israel.
On January 12, 2018, the plaintiff sent a notice of default to, among others, 78 Realty and Israel, claiming that amounts due on December 1, 2017, and January 1, 2018, were not paid and that such nonpayment constituted an event of default under the note.
The plaintiff thereafter commenced an action in the Supreme Court, New York County, against 78 Realty and Israel, seeking to recover payment on the note. In May 2018, a judgment was entered in favor of the plaintiff and against 78 Realty and Israel in the total sum of $3,702,352.24 (hereinafter the New York County judgment).
On April 22, 2019, the plaintiff commenced this separate action against, among others, 78 Realty and Israel in the Supreme Court, Kings County, to foreclose the mortgage. The plaintiff alleged in the complaint that, although a judgment had been entered in the New York County action, "after due diligence," the plaintiff was not "able to collect under that judgment."
In lieu of an answer, 78 Realty moved to dismiss the complaint insofar as asserted against it, arguing that the instant action was barred by RPAPL 1301. Specifically, 78 Realty contended that because the plaintiff had already elected its remedy by commencing an action in New York County to recover under the note, RPAPL 1301(3) required that the plaintiff could only commence a subsequent foreclosure action after seeking leave of the court in the New York County action. The plaintiff opposed the motion and cross-moved, inter alia, for summary judgment on the complaint. In an order dated July 11, 2022, the Supreme Court granted 78 Realty's motion and denied the plaintiff's cross-motion. The plaintiff appeals.
"Pursuant to RPAPL 1301, '[t]he holder of a note and mortgage may proceed at law to recover on the note or proceed in equity to foreclose on the mortgage, but must only elect one of these alternate remedies'" (VNB N.Y. Corp. v Paskesz, 131 AD3d 1235, 1235, quoting Gizzi v Hall, 309 AD2d 1140, 1141). "Courts have recognized that RPAPL 1301 should be strictly construed since it is in derogation of a plaintiff's common-law right to pursue the alternate remedies of foreclosure and recovery of the mortgage debt at the same time" (VNB N.Y. Corp. v Paskesz, 131 AD3d at 1236 [internal quotation marks omitted]; see Stone Mtn. Holdings, LLC v Spitzer, 186 AD3d 520, 521).
RPAPL 1301(1) provides, in relevant part, "'[w]here final judgment for the plaintiff has been rendered in an action to recover any part of the mortgage debt, an action shall not be commenced or maintained to foreclose the mortgage, unless an execution against the property of the defendant has been issued . . . and has been returned wholly or partly unsatisfied'" (Sabbatini v Galati, 14 AD3d 547, 548, quoting RPAPL 1301[1]; see VNB N.Y. Corp. v Paskesz, 131 AD3d at 1236). "RPAPL 1301(3), on the other hand, prohibits a party from commencing an action at law to recover any part of the mortgage debt while the foreclosure proceeding is pending or has not reached final judgment, without leave of the court in which the foreclosure action was brought" (VNB N.Y. Corp. v Paskesz, 131 AD3d at 1236 [internal quotation marks omitted]; see Marine Midland Bank v Lake Huntington Dev. Group, 185 AD2d 395, 396).
Contrary to 78 Realty's contention, RPAPL 1301(3) did not act to bar the plaintiff from commencing this foreclosure action, since RPAPL 1301(3) only applies to bar the commencement of a separate action to recover any part of the mortgage debt "while a foreclosure action is pending" or after final judgment for the plaintiff in such a foreclosure action (HSBC Bank USA, N.A. v Kading, 204 AD3d 649, 651 [emphasis added and internal quotation marks omitted]; see VNB N.Y. Corp. v Paskesz, 131 AD3d at 1236). By contrast, here, since the plaintiff commenced the instant foreclosure action after obtaining a money judgment against 78 Realty in an action to recover under the note, RPAPL 1301(1), and not RPAPL 1301(3), applies to this action (see VNB N.Y. Corp. v Paskesz, 131 AD3d at 1236; Sabbatini v Galati, 14 AD3d at 548). Since 78 Realty did not submit evidence demonstrating that the plaintiff failed to comply with the requirements of RPAPL 1301(1), 78 Realty failed to establish that it was entitled to dismissal of the complaint pursuant to RPAPL 1301 (see VNB N.Y. Corp. v Paskesz, 131 AD3d at 1236; Sabbatini v Galati, 14 AD3d at 548). Accordingly, the Supreme Court should have denied 78 Realty's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it for failure to comply with RPAPL 1301.
However, the Supreme Court properly denied the plaintiff's cross-motion, inter alia, for summary judgment on the complaint. We note that insofar as the plaintiff sought summary judgment on the complaint against the non-answering defendants, including 78 Realty, that branch of the cross-motion was improper, since issue had not been joined by those defendants (see CPLR 3212[a]; City of Rochester v Chiarella, 65 NY2d 92, 101; OneWest Bank, FSB v Bernstein, 196 AD3d 591, 591). In any event, the plaintiff failed to establish, prima facie, that an execution against the property pursuant to the New York County judgment was issued or returned wholly or partly unsatisfied (see RPAPL 1301[1]; Sabbatini v Galati, 14 AD3d at 548).
The plaintiff's remaining contentions are without merit.
IANNACCI, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court