NewBank v Yong Won Bu (2025 NY Slip Op 02078)

NewBank v Yong Won Bu

2025 NY Slip Op 02078

Decided on April 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-04495
 (Index No. 702003/19)

[*1]NewBank, appellant, 
v
Yong Won Bu, also known as Yong W. Bu, et al., respondents, et al., defendants.

Meyer, Suozzi, English & Klein, P.C., Garden City, NY (Daniel B. Rinaldi, Randall T. Eng, and Howard B. Kleinberg of counsel), for appellant.
The Law Office of Seung Woo Lee, P.C., Flushing, NY, for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered March 14, 2023. The order granted the motion of the defendants Yong Won Bu, also known as Yong W. Bu, and Su Nam Bu pursuant to RPAPL 1301 to dismiss the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Yong Won Bu, also known as Yong W. Bu, and Su Nam Bu pursuant to RPAPL 1301 to dismiss the complaint insofar as asserted against them is denied.
In September 2013, BuLee Café, Ltd. (hereinafter BuLee Café), executed a promissory note in favor of the plaintiff, for a loan in the sum of $1.6 million. The note was secured by guarantees of payment executed by the defendants Yong Won Bu, also known as Yong W. Bu, and Su Nam Bu (hereinafter together the defendants), and by a mortgage on certain real property owned by the defendants in Queens.
In June 2016, BuLee Café breached its obligations under the note by, inter alia, failing to make payments required thereunder. On August 5, 2016, the plaintiff sent notices of default to, among others, the defendants, demanding immediate full payment pursuant to the note and guarantees.
The plaintiff thereafter commenced an action in the Supreme Court, New York County, against, among others, BuLee Café and the defendants, seeking to recover on the note and guarantees. In August 2018, a judgment was entered in favor of the plaintiff and against Su Nam Bu in the total sum of $1,446,069.08 (hereinafter the New York County judgment).
On February 4, 2019, the plaintiff commenced this action against, among others, the defendants in the Supreme Court, Queens County, to foreclose the mortgage. The plaintiff alleged in the complaint that, although a judgment had been entered in the New York County action against Su Nam Bu, the judgment "was returned as unsatisfied by New York County Sheriff's Office."
The defendants interposed an answer on March 5, 2019, in which they asserted [*2]various affirmative defenses. The eighth affirmative defense stated: "Defendant asserts all requirements of applicable mortgage foreclosure statutes."
In March 2020, the plaintiff moved, inter alia, for summary judgment on the complaint. By order dated March 31, 2022, the motion was granted without opposition.
In August 2022, the defendants moved pursuant to RPAPL 1301 to dismiss the complaint insofar as asserted against them. The defendants contended that because the plaintiff had already elected its remedy by commencing an action in New York County to recover under the note and had obtained a judgment in that action, RPAPL 1301(1) prohibited the plaintiff from commencing a foreclosure action without first demonstrating that an execution against the property was issued to the sheriff and returned unsatisfied. The defendants asserted that the plaintiff had failed to make such a demonstration. The plaintiff opposed the motion.
In an order entered March 14, 2023, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"Pursuant to RPAPL 1301, '[t]he holder of a note and mortgage may proceed at law to recover on the note or proceed in equity to foreclose on the mortgage, but must only elect one of these alternate remedies'" (VNB N.Y. Corp. v Paskesz, 131 AD3d 1235, 1235, quoting Gizzi v Hall, 309 AD2d 1140, 1141). "Courts have recognized that RPAPL 1301 should be strictly construed since it is in derogation of a plaintiff's common-law right to pursue the alternate remedies of foreclosure and recovery of the mortgage debt at the same time" (id. at 1236 [internal quotation marks omitted]; see Stone Mtn. Holdings, LLC v Spitzer, 186 AD3d 520, 521).
RPAPL 1301(1) provides, in relevant part, that "'[w]here final judgment for the plaintiff has been rendered in an action to recover any part of the mortgage debt, an action shall not be commenced or maintained to foreclose the mortgage, unless an execution against the property of the defendant has been issued . . . and has been returned wholly or partly unsatisfied'" (Sabbatini v Galati, 14 AD3d 547, 548, quoting RPAPL 1301[1]; see VNB N.Y. Corp. v Paskesz, 131 AD3d at 1236). "Compliance with RPAPL 1301(1) is a condition precedent to an action to foreclose a mortgage" (Sabbatini v Galati, 43 AD3d 1136, 1139).
Here, since the defendants did not submit evidence demonstrating that the plaintiff failed to comply with the requirements of RPAPL 1301(1), the defendants failed to establish that they were entitled to dismissal of the complaint pursuant to RPAPL 1301 (see id. § 1301[1]; Fieldpoint Private Bank & Trust v 78 Realty Holdings, LLC, 227 AD3d 777, 780; Sabbatini v Galati, 14 AD3d at 548). Accordingly, the Supreme Court should have denied the defendants' motion pursuant to RPAPL 1301 to dismiss the complaint insofar as asserted against them.
In light of our determination, we need not reach the plaintiff's remaining contention.
DILLON, J.P., MILLER, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court