Nechadim Corp. v 500 Putnam St. Realty, LLC (2025 NY Slip Op 02213)

Nechadim Corp. v 500 Putnam St. Realty, LLC

2025 NY Slip Op 02213

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2022-04973
 (Index No. 522430/21)

[*1]Nechadim Corp., appellant, 
v
500 Putnam Street Realty, LLC, respondent, et al., defendants.

Joseph J. Haspel, Middletown, NY, for appellant.
Dorf Nelson & Zauderer LLP, Rye, NY (Jonathan B. Nelson of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 3, 2022. The order, insofar as appealed from, granted that branch of the motion of the defendant 500 Putnam Street Realty, LLC, which was to deem a certain mortgage held by the plaintiff to be satisfied upon the payment to the plaintiff of certain escrow funds.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant 500 Putnam Street Realty, LLC, which was to deem a certain mortgage held by the plaintiff to be satisfied upon the payment to the plaintiff of certain escrow funds is denied.
In 2008, the defendant 500 Putnam, LLC, and a co-obligor executed a mortgage in favor of the plaintiff on real property owned by 500 Putnam, LLC (hereinafter the subject property), and other real properties owned by the co-obligor. By its terms, the mortgage loan became due and payable on February 8, 2009. A substantial payment was made on the mortgage on June 29, 2012, derived from the sale of the co-obligor's properties, by virtue of a stipulation entered into between the plaintiff and the co-obligor in the co-obligor's bankruptcy proceeding. Subsequently, on July 6, 2012, the subject property was sold to the defendant 500 Putnam Street Realty, LLC (hereinafter 500 Putnam Street Realty). At the time of the July 2012 sale, certain funds were placed in escrow with Sutton Land Title Agency (hereinafter Sutton), as there was a disagreement regarding whether the mortgage on the subject property had been satisfied in 2012.
In 2014, 500 Putnam, LLC, commenced an action (hereinafter the 2014 action) against the plaintiff for a judgment declaring that it was entitled to the escrow funds because the mortgage on the subject property had been satisfied (see 500 Putnam, LLC v Nechadim Corp., 150 AD3d 796). After a hearing, in an order dated October 23, 2017, Sutton was directed to pay most of the escrow funds to the plaintiff, but this did not occur and the funds remained in escrow.
On September 1, 2021, the plaintiff commenced this action to foreclose the mortgage. 500 Putnam Street Realty initially failed to appear or answer the complaint, but its default was [*2]vacated by order dated February 24, 2022, on the basis that 500 Putnam Street Realty had a reasonable excuse for its default and a potentially meritorious defense to the action (see Nechadim Corp. v 500 Putnam Street Realty, LLC, _____ AD3d _____ [Appellate Division Docket No. 2022-01885; decided herewith]).
500 Putnam Street Realty subsequently moved, among other things, to deem the mortgage held by the plaintiff to be satisfied upon the payment to the plaintiff of the escrow funds. By order dated June 3, 2022, the Supreme Court, inter alia, granted that branch of the motion. The plaintiff appeals.
Although in seeking to vacate its initial default in appearing or answering the complaint 500 Putnam Street Realty asserted a statute of limitations defense, it did not raise that defense in the subject motion and did not seek to cancel and discharge of record the mortgage on that basis (see RPAPL 1501[4]). Rather, 500 Putnam Street Realty contended in its motion that the plaintiff was barred from foreclosing the mortgage under RPAPL 1301 because it had previously elected its remedy and that the mortgage should be deemed satisfied upon payment to the plaintiff of the escrow funds on that basis.
"Pursuant to RPAPL 1301, [t]he holder of a note and mortgage may proceed at law to recover on the note or proceed in equity to foreclose on the mortgage, but must only elect one of these alternate remedies" (Stone Mtn. Holdings, LLC v Spitzer, 186 AD3d 520, 521 [internal quotation marks omitted]). Specifically, RPAPL 1301(1) provides: "Where final judgment for the plaintiff has been rendered in an action to recover any part of the mortgage debt, an action shall not be commenced or maintained to foreclose the mortgage, unless an execution against the property of the defendant has been issued upon the judgment . . . and has been returned wholly or partly unsatisfied." "Courts have recognized that 'RPAPL 1301 should be strictly construed since it is in derogation of a plaintiff's common-law right to pursue the alternate remedies of foreclosure and recovery of the mortgage debt'" (VNB N.Y. Corp. v Paskesz, 131 AD3d 1235, 1236, quoting Dollar Dry Dock Bank v Piping Rock Bldrs., 181 AD2d 709, 710).
Here, the 2014 action was not an action by the plaintiff "to recover any part of the mortgage debt" (RPAPL 1301[1]), but, rather, was an action by the mortgagor for a judgment declaring that it was entitled to the escrow funds because the mortgage on the subject property had been satisfied. Thus, while the plaintiff defended itself in that action, ultimately obtaining an order in its favor, the plaintiff never elected to proceed at law to recover on the mortgage debt so as to bar it from pursuing the remedy of foreclosure (see id.; see also Wells Fargo Bank, N.A. v Mitselmakher, 197 AD3d 778, 781; cf. Sabbatini v Galati, 14 AD3d 547).
Since this was the only basis on which 500 Putnam Street Realty sought in its motion to deem the mortgage held by the plaintiff to be satisfied upon the payment to the plaintiff of the escrow funds, that branch of its motion should have been denied.
500 Putnam Street Realty's remaining contention that this appeal has been rendered academic is based upon matters dehors the record, and, furthermore, that issue was already decided in a decision and order of this Court dated October 13, 2023, on a motion by 500 Putnam Street Realty to dismiss the appeal.
IANNACCI, J.P., WOOTEN, DOWLING and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court