■ Lawrence Heimbinder et al., Respondents, v Joseph Berkovitz, Also Known as Joseph Berkowitz, et al., Appellants. [693 NYS2d 200] —In an action, *inter alia,* to set aside allegedly fraudulent conveyances pursuant to Debtor and Creditor Law §§ 273 and 276, the defendants appeal from a judgment of the Supreme Court, Kings County (Demarest, J.), dated June 16, 1998, which, after a nonjury trial (Vaccaro, J.), is in favor of the plaintiff R & R Closing Corp. f/k/a Redi-Records Industries, Inc. and against them, in the principal sum of $236,000, with interest at the rate of 15% per annum from February 22, 1991.

Ordered that the judgment is modified, on the law, by deleting the provision thereof providing for interest at the rate of 15% per annum from February 22, 1991 and substituting therefor a provision providing for interest at the statutory rate of 9% per annum from February 22, 1991.

In June 1990 the plaintiff R & R Closing Corp. f/k/a Redi-Records Industries, Inc. (hereinafter R & R), sold its assets to the defendant Formadyne Industries, Inc. (hereinafter Formadyne), for $300,000. $50,000 was paid at closing with the balance of $250,000 to be paid pursuant to a promissory note signed by the defendant Joseph Berkovitz a/k/a Joseph Berkowitz (hereinafter Berkovitz), as president of Formadyne. The promissory note provided that interest would be payable at the rate of 10% per annum except that "the Borrower shall pay interest, payable on demand, on overdue principal and, so far as may be lawful, on overdue interest" at a rate of 15% per annum.

After Formadyne defaulted, R & R commenced an action for summary judgment in lieu of complaint against Formadyne. A judgment dated February 22, 1991, was entered against Formadyne in the sum of $250,000 upon its default in opposing the motion. In the interim Formadyne transferred its assets to Colonial Co., Inc., which was controlled by Berkovitz and his wife. When R & R was unable to satisfy the judgment against Formadyne, the instant action was commenced.

The Supreme Court erred in awarding interest on the principal sum of the judgment at the rate of 15% per annum from February 22, 1991, the date of the judgment against Formadyne. The well-settled law is that " 'interest prior to the maturity of the contract is payable by virtue of the contract and thereafter as damages for breach of the contract, so that after maturity (*or default that accelerates maturity*) the rate of interest is to be computed at the rate then prescribed by statute * * * But when the contract provides that interest shall be paid at a specified rate until the principal shall be paid, the contract rate governs until payment of the principal, or until the contract is merged in a judgment' " (*Ward v Walkley,* 143 AD2d 415, 417 [emphasis in original], quoting *Stull v Joseph Feld, Inc.,* 34 AD2d 655, 656; *see also, Kaiser v Fishman,* 187 AD2d 623; *Marine Mgt. v Seco Mgt.,* 176 AD2d 252, *affd* 80 NY2d 886). In the instant case, the note which provided for interest at the rate of 15% per annum was merged in the judgment of February 22, 1991. Consequently, all subsequent interest accrues at the statutory rate of 9% (*see,* CPLR 5003, 5004).

The defendants' remaining contentions are without merit. Altman, J. P., Friedmann, McGinity and Schmidt, JJ., concur.