■ NEW YORK TRAP ROCK CORPORATION, Succeeded by MARY MAZUR, Succeeded by E.K.R., LTD., Respondent, v RALPH USSHER et al., Defendants, and DAVID KOHN, Appellant. [706 NYS2d 496] —Peters, J. Appeal from an amended judgment of the Supreme Court (Bradley, J.), entered October 1, 1998 in Ulster County, upon a decision of the court in favor of plaintiff.

On June 15, 1987, defendants David Kohn (hereinafter defendant) and Ralph Ussher executed a bond and mortgage to plaintiff in connection with the purchase of certain real property located in Ulster County. The bond and mortgage acknowledged a debt in the amount of $350,000 which was to be repaid on June 15, 1990.

On or about November 12, 1991, plaintiff commenced this action to foreclose on the bond and mortgage. It thereafter assigned them to Sarsfield Company, Inc., for $237,000,* who again assigned them to Mary Mazur on or about December 21, 1992. By the time of trial, they were further assigned to E.K.R., Ltd. (hereinafter EKR). Judgment was entered in July 1998, and thereafter amended in October 1998, which found that documentary and testimonial evidence presented at trial revealed a mutual intent to reduce the principal amount of the debt to $200,000. Supreme Court held defendant to be in default under the terms of the mortgage, granted a money judgment in favor of plaintiff for unpaid principal, interest and real estate taxes, and awarded counsel fees in the amount of $65,000. Plaintiff's counsel was directed to submit a proposed judgment, on notice, that was consistent therewith. The amended judgment, entered October 1, 1998, reflected a total award in the amount of $471,162.

---

* Plaintiff wanted to receive $200,000 for the mortgage and reimbursement for back taxes paid on the property in the amount of $37,000.

In November 1998, defendant moved, by order to show cause, to vacate the amended judgment on the ground that plaintiff was not entitled to a money judgment because the action was one for foreclosure as clearly indicated by the complaint. Seeking to vacate the judgment and, indeed, have one issued for a foreclosure and sale, defendant advised by letter dated January 13, 1999, prior to any decision on the motion, that he elected "pursuant to Real Property Actions and Proceedings Law § 1410 (1)" to exercise his right of redemption by tendering payment to EKR in the sum of $483,593.26. He further required, pursuant thereto, that EKR assign the debt and mortgage to Broadway Management Company, Inc. "in lieu of [a] certificate of discharge," citing authority pursuant to RPAPL 1410 (2). The assignment of the mortgage to Broadway Management, recorded on February 2, 1999, reflects a payment by it to EKR in the sum of $483,593.26 on the mortgage dated June 15, 1987. By virtue of such payment, Supreme Court deemed the motion to vacate moot or withdrawn. Defendant appeals only the October 1998 amended judgment.

We note, preliminarily, that defendant improperly proceeded under RPAPL article 14 when he sought to exercise a right of redemption pursuant to RPAPL 1410 (1) and thereafter assign the debt and mortgage to Broadway Management pursuant to RPAPL 1410 (2). RPAPL article 14 is a procedure which allows for a nonjudicial foreclosure of commercial mortgages so long as the mortgagee abides by the strict requirements set forth in the statute. One of the requirements is that no prior action be commenced to either recover on the mortgage debt or seek foreclosure under RPAPL article 13 (*see,* RPAPL 1401). If, however, an action has been brought, it must be either discontinued or dismissed without prejudice "or an execution, issued upon a judgment rendered therein in favor of the plaintiff * * * returned wholly or partly unsatisfied" (RPAPL 1401 [1]). Since these basic requirements could not be met so as to fall within the confines of this article, the transfer of the debt must be deemed an assignment as indicated by the recorded documents.

As to the form of the judgment issued by Supreme Court, we agree that the action commenced was one for foreclosure. Having chosen to pursue this equitable remedy, plaintiff was precluded from pursuing legal remedies without leave of court (*see,* RPAPL 1301 [3]; *see also, Wyoming County Bank & Trust Co. v Kiley,* 75 AD2d 477). With no evidence in the record that a motion was made for such conversion, we cannot find that the issuance of a money judgment was proper. Had we found

that "the more efficient procedural course * * * [was] for the court to regard the complaint as incorporating a motion for leave, and [had we] proceed[ed] to consider the merits of that application" (*Federal Deposit Ins. Corp. v 1873 Western Ave. Corp.*, 225 AD2d 893, 895), the result would have been no different. The record reflects that at no time prior to the issuance of the money judgment did plaintiff seek to present any "unusual circumstances" to justify a departure from the strictly construed election of remedies provision preserved in RPAPL 1301 (3) (*see, Boyd v Jarvis*, 74 AD2d 937).

Next addressing the award of counsel fees, we reject any contention that defendant failed to contest plaintiff's entitlement thereto. The record reflects that defendant agreed to allow plaintiff's counsel to testify as to his hourly rates and experience. When defense counsel sought to question him further, he was instead permitted to make a written response. Although such response predominantly disputed the underlying basis for the billings, the issue of whether counsel fees were permitted pursuant to the controlling provisions of the mortgage was clearly raised. While it appears undisputed that the terms and provisions of the mortgage remained controlling and that such terms do provide for the reimbursement of the other expenses awarded by Supreme Court, we find such terms to specifically exclude recovery of counsel fees in an action to foreclose on the bond and mortgage or to collect on a debt secured thereby. Hence, as Supreme Court's judgment grounded the award upon the provision of the mortgage, we must conclude that, without specific statutory authority to the contrary (*see, Norstar Bank v Stradford*, 125 AD2d 298, 299), such portion of the judgment must also be reversed.

Accordingly, we hereby reverse the amended judgment and remit this matter to Supreme Court for further proceedings.

Cardona, P. J., Mercure, Crew III and Mugglin, JJ., concur. Ordered that the amended judgment is reversed, on the law, with costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.