■ Joseph Gizzi et al., Respondents, v David E. Hall et al., Doing Business as Hall Design Builders, Appellants. [767 NYS2d 469] —Kane, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered April 2, 2003 in Saratoga County, which, inter alia, partially denied defendants' motion for execution of a judgment in their favor.

In connection with a contract for plaintiffs to purchase a residence constructed by defendants, the parties executed a note and purchase money mortgage for $130,000 payable at 7% interest per annum over a 10-year term. The note contained an acceleration clause providing that the whole sum would become due and payable at defendants' option if any installment was not paid within 30 days of its due date. In April 2000, plaintiffs commenced this lawsuit. Defendants answered and asserted counterclaims to collect amounts past due under the note, for counsel fees for defending their rights under the note, and for immediate payment of outstanding principal and interest. Defendants moved for, among other things, summary judgment·on their counterclaims. This Court modified Supreme Court's order partially denying the motion by, among other things, granting defendants' motion for summary judgment on their counterclaims, ordering monthly installments to be paid by plaintiffs to the court until resolution of the entire case, and remitting the matter (300 AD2d 879 [2002]). Shortly after this Court's decision, defendants moved in Supreme Court for a

judgment awarding them the sum of all future mortgage payments, including unpaid principal and all future interest amounts, plus statutory interest. Supreme Court partially denied the motion, indicating that it was bound by this Court's decision. Defendants appeal.

We now clarify our prior decision. Although Supreme Court properly read our decision to state that defendants' counterclaim sought foreclosure, the parties agree, and our review of the record substantiates, that defendants actually sought to enforce their rights under the note, not to foreclose on the mortgage.[1] The holder of a note and mortgage may proceed at law to recover on the note or proceed in equity to foreclose on the mortgage, but must only elect one of these alternate remedies (see *New York Trap Rock Corp. v Ussher,* 271 AD2d 842, 843-844 [2000]; *First Natl. Bank & Trust Co. of Walton v Eisenrod,* 263 App Div 227, 228 [1942]; see also RPAPL 1301). Defendants elected the legal remedy and chose not to pursue foreclosure. While the parties should have moved to reargue if they believed that this Court's prior decision misinterpreted the facts, we will not force a foreclosure sale that was never requested nor desired by any party.

Defendants were permitted, and there was nothing inconsistent with their request, to seek past due payments up until acceleration along with acceleration of the remainder of the principal due. As noted in our prior decision, plaintiffs admitted that they stopped making mortgage payments. Defendants are entitled to payments due from the time of plaintiffs' last payment in March 2000 until the time that defendants exercised the acceleration option by asserting it in their counterclaim on May 8, 2000.[2] Late charges may be collected under the note for each such late payment (see *Green Point Sav. Bank v Varana,* 236 AD2d 443, 443 [1997]). Interest should be calculated on each owed payment from its due date until the date of acceleration at the note and mortgage interest rate of 7%, and from acceleration until judgment at the statutory rate of 9% (see *Heimbinder v Berkovitz,* 263 AD2d 466, 467 [1999], *lv denied* 94 NY2d 755 [1999]; *Kaiser v Fishman,* 187 AD2d 623, 628 [1992], *lv denied* 81 NY2d 711 [1993]).

---

1. While the parties now agree that foreclosure was never sought, plaintiffs' brief to this Court in the previous appeal specifically stated that this was a foreclosure action and all parties prompted the Court to treat it as such.

2. Plaintiffs attempt to raise the fact that they were not in default at the time acceleration was requested, thus summary judgment should not have been granted to defendants. In light of plaintiffs' admission of default in their brief to this Court on the previous appeal, we will not disturb the grant of summary judgment.

Acceleration entitles defendants to all of the mortgage principal still owed as of the date the acceleration option was exercised, not the total of all scheduled mortgage payments from that date throughout the remaining term of the mortgage. The latter alternative, requested by defendants, would create an inequitable situation where a mortgage holder would collect unearned interest on future mortgage payments plus statutory interest on that interest. Instead, interest should be calculated on the accelerated principal from the acceleration date to the date of judgment at the statutory rate of 9% (*see* Real Property Law § 254 [2]; *Metropolitan Sav. Bank v Tuttle,* 290 NY 497, 500 [1943]; *Heimbinder v Berkovitz, supra* at 467; *Kaiser v Fishman, supra* at 628; *see also Sindelar v Fritzsch,* 167 AD2d 812, 813 [1990]).

The note provides for counsel fees if defendants are required to defend their rights under that document. Defendants are entitled to counsel fees related to their counterclaims to enforce their rights under the note, but not for any fees related to plaintiffs' claims, as those fees are related to defending defendants' actions in procuring the note and mortgage, not enforcing rights thereunder.

Consistent with our prior decision, defendants are entitled to have judgment entered on their counterclaims, but enforcement of the judgment is stayed pending trial and determination of the remaining claims, provided that plaintiffs continue to deposit the amount of their monthly mortgage installment into the established escrow account in consideration for this forbearance. The judgment is subject to amendment by Supreme Court upon resolution of the remainder of this action. Plaintiffs are entitled to a credit for all moneys paid into escrow pursuant to the prior decision. Paying funds into that account does not halt the accrual of interest, however. Prejudgment interest in a breach of contract action is mandated (*see* CPLR 5001 [a]; 5002), and is not a penalty to the party who must pay the judgment but, rather, a means to make the aggrieved party whole (*see Spodek v Park Prop. Dev. Assoc.,* 96 NY2d 577, 581 [2001]). Interest will cease when the judgment is paid (*see* CPLR 5003), and plaintiffs can choose to pay the judgment in full even though defendants are unable to enforce the judgment at this time.

Cardona, P.J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by granting defendants a judgment on the entire accelerated amount of the note with the appropriate interest,

and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.