■ AURORA LOAN SERVICES, LLC, Appellant, v PAUL LOPA, Respondent, et al., Defendants. [932 NYS2d 496]—

In April 2007 the defendant Paul Lopa executed a note, secured by a mortgage on certain real property located in Staten Island. The mortgage was later assigned by Mortgage Electronic Registration Systems, Inc., as nominee for the lender, its successors and assigns, to the plaintiff. In February 2009 the plaintiff commenced this mortgage foreclosure action. The complaint demanded, inter alia, the sale of the mortgaged premises, and requested that Lopa be adjudged to pay any remaining deficiency. Thereafter, Lopa moved, among other things, pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against him on the ground that the plaintiff could not simultaneously seek a judgment on the note and a judgment of foreclosure. In an order dated July 16, 2010, the Supreme Court granted the aforementioned branch of Lopa's motion. We reverse the order insofar as appealed from.

"The holder of a note and mortgage may proceed at law to recover on the note or proceed in equity to foreclose on the mortgage, but must only elect one of these alternate remedies" (*Gizzi v Hall*, 309 AD2d 1140, 1141 [2003]; *see* RPAPL 1301; *Sabbatini v Galati*, 14 AD3d 547, 548 [2005]). RPAPL 1301 (1) "is the embodiment of the equitable principle that once a remedy at law has been resorted to, it must be exercised to exhaustion before a remedy in equity, such as foreclosure, may be sought" (*Valley Sav. Bank v Rose*, 228 AD2d 666, 667 [1996]). The purpose of the statute is to avoid multiple lawsuits to recover the same mortgage debt (*id.* at 667).

However, a prayer for a deficiency judgment in a foreclosure complaint does not constitute a separate action for a money judgment in violation of the election of remedies doctrine. Indeed, RPAPL 1371 (2) permits a plaintiff in a foreclosure action to "make a motion *in the action* for leave to enter a deficiency judgment" (RPAPL 1371 [2] [emphasis added]). Thus, a plaintiff in a foreclosure action may seek a deficiency judgment in the complaint, as incidental to the principal relief demanded (*see Dudley v Congregation of Third Order of St. Francis*, 138 NY 451, 458 [1893]; *cf. Barclays Bank of N.Y. v Strathmore Five Realty Co.*, 245 AD2d 406, 406-407 [1997]). Accordingly, the Supreme Court erred in granting that branch of Lopa's motion which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against him. Angiolillo, J.P., Leventhal, Austin and Roman, JJ., concur.