Deutsche Bank Natl. Trust Co. v Lubonty (2022 NY Slip Op 04288)

Deutsche Bank Natl. Trust Co. v Lubonty

2022 NY Slip Op 04288

Decided on July 6, 2022

Appellate Division, Second Department

Dowling, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2019-07651
 (Index No. 617778/18)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Gregg Lubonty, appellant, et al., defendants.

APPEAL by the defendant Gregg Lubonty, in an action to foreclose a mortgage, from an order of the Supreme Court (James Hudson, J.), dated June 19, 2019, and entered in Suffolk County. The order denied that defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him.

Lester & Associates, P.C., Garden City, NY (Seung Woo Lee and Peter Kamran of counsel), for appellant.
Hinshaw & Culbertson, LLP, New York, NY (Schuyler B. Kraus of counsel), for respondent.

DOWLING, J.

OPINION & ORDER
I. Introduction
The main issue on this appeal is whether the applicable statute of limitations has expired, precluding the plaintiff from foreclosing a mortgage given by the defendant Gregg Lubonty (hereinafter the defendant) on certain real property located on Middle Pond Road in Southampton (hereinafter the Middle Pond Road property). Resolution of this issue turns upon the interplay between subsections 362(a) and (c) of the 1978 Bankruptcy Code (11 USC), and the interpretation of that statutory scheme as applied to the circumstances of this case. For the reasons set forth below, we hold that this action was not time-barred.
II. Relevant Facts and Procedural History
On May 22, 2007, nonparty American Home Mortgage Acceptance, Inc., commenced an action (hereinafter the 2007 foreclosure action) against the defendant to foreclose a mortgage encumbering the Middle Pond Road property. The complaint filed in the 2007 foreclosure action elected to call due the entire unpaid balance. On June 26, 2007, the defendant filed a voluntary chapter 11 petition in bankruptcy (hereinafter the first bankruptcy proceeding), which was later dismissed by order of the United States Bankruptcy Court for the Southern District of Florida (hereinafter the Bankruptcy Court) dated November 24, 2009. The complaint in the 2007 foreclosure action was dismissed on June 25, 2009, during the pendency of the first bankruptcy proceeding.
Thereafter, on October 19, 2011, the defendant filed a second voluntary chapter 11 petition in bankruptcy, which was later converted to a chapter 7 (hereinafter the second bankruptcy proceeding). By so-ordered "stipulation and order by and between the Chapter 7 trustee and the debtor resolving the [bankruptcy] estate's interests in certain real properties and funds" dated November 26, 2013, the defendant agreed to "acquire the [bankruptcy] estate's interest" in four [*2]properties located in Southampton, including the Middle Pond Road property, in exchange for the defendant's payment of $25,000 (hereinafter the November 26, 2013 order). The defendant completed the payments required by the November 26, 2013 order on June 1, 2014. On November 3, 2014, the defendant received a "standard discharge" in the second bankruptcy proceeding, which was subsequently marked "closed" on January 23, 2017.
On September 12, 2018, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage encumbering the Middle Pond Road property. The defendant moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as barred by the statute of limitations, since the mortgage debt had been accelerated more than six years earlier on May 22, 2007, upon the commencement of the 2007 foreclosure action, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. In opposition, the plaintiff argued, among other things, that the statute of limitations for the commencement of this action had been tolled by the automatic bankruptcy stays in place following the defendant's filing of the first bankruptcy proceeding in 2007 and the second bankruptcy proceeding in 2011. In an order dated June 19, 2019, the Supreme Court denied the defendant's motion. The defendant appeals.
III. Analysis
Resolution of whether this action was time-barred turns upon the date on which the automatic bankruptcy stay barring commencement of a mortgage foreclosure action against the defendant with respect to the Middle Pond Road property, in effect following the commencement of the second bankruptcy proceeding, terminated. The defendant argues that the automatic bankruptcy stay terminated on November 26, 2013, the date of the November 26, 2013 order pursuant to which the defendant purchased the Middle Pond Road property from the bankruptcy estate. The plaintiff argues that the automatic bankruptcy stay terminated on November 3, 2014, the date on which the defendant received a discharge in the second bankruptcy proceeding. We note that, contrary to the defendant's contention, neither this Court in Lubonty v U.S. Bank N.A. (159 AD3d 962) nor the Court of Appeals in Lubonty v U.S. Bank N.A. (34 NY3d 250) have previously determined the legal issue of whether the November 26, 2013 order, in fact, terminated the automatic bankruptcy stay barring commencement of the instant foreclosure action (see People v Bing, 76 NY2d 331, 338). In addition, the plaintiff's argument that the automatic bankruptcy stay terminated on November 3, 2014, although raised for the first time on appeal, is properly considered by this Court as it "presents a pure question of law that appears on the face of the record and 'could not have been avoided if raised at the proper juncture'" (Federal Natl. Mtge. Assn. v Walter, 199 AD3d 889, 890, quoting Wells Fargo Bank, N.A. v Mone, 185 AD3d 626, 628; see Loiacono v Goldberg, 240 AD2d 476).
A. The Statute of Limitations and 11 USC § 362
An action to foreclose a mortgage is generally subject to a six-year statute of limitations (see CPLR 213[4]). "When a mortgage is payable in installments, which is the typical practice, an acceleration of the entire amount due begins the running of the statute of limitations on the entire debt" (Deutsche Bank Trust Co. Ams. v Marous, 186 AD3d 669, 670 [internal quotation marks omitted]).
Section 362(a) of the 1978 Bankruptcy Code (11 USC) provides that the filing of a voluntary petition in bankruptcy operates to stay, among other things, "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title" (id. § 362[a][1]); "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" (id. § 362[a][3]); "any act to create, perfect, or enforce any lien against property of the estate" (id. § 362[a][4]); and "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case" (id. § 362[a][5]).
This Court has explained that the filing of a petition for protection under the Bankruptcy Code imposes "an automatic stay of any mortgage foreclosure actions" (Mercury Capital Corp. v Shepherds Beach, 281 AD2d 604, 605). "The effects of [the automatic] stay are wide-ranging and limit virtually all judicial action against the debtor and any codebtors: 'The automatic stay is designed to provide blanket relief from creditor action'" (Lubonty v U.S. Bank N.A., 34 NY3d at 258, quoting In re Newberry, 608 BR 37, 40 [ED Mich]), "and any exceptions from the stay are narrowly written and 'strictly construed'" (Lubonty v U.S. Bank N.A., 34 NY3d at 258, quoting In [*3]re Montgomery, 525 BR 682, 693 [WD Tenn]; see Maritime Elec. Co., Inc. v United Jersey Bank, 959 F2d 1194, 1206 [3d Cir]; In re Bialac, 712 F2d 426, 431 [9th Cir]). The automatic bankruptcy stay of 11 USC § 362 is a "statutory prohibition" which operates under CPLR 204(a) to stay the limitations period for commencement, or continuation, of a foreclosure action (see Lubonty v U.S. Bank N.A., 34 NY3d at 258; Nationstar Mtge., LLC v Jackson, 192 AD3d 813, 815; U.S. Bank N.A. v Joseph, 159 AD3d 968, 970; Lubonty v U.S. Bank N.A., 159 AD3d at 963-964, affd 34 NY3d 250; PSP-NC, LLC v Raudkivi, 138 AD3d 709, 711; Zuckerman v 234-6 W. 22 St. Corp., 267 AD2d 130, 130).
The stay imposed by 11 USC § 362(a) is terminated upon the happening of certain events proscribed by 11 USC § 362(c). Pursuant to 11 USC § 362(c)(1), "the stay of an act against property of the [bankruptcy] estate under subsection (a) of [11 USC § 362] continues until such property is no longer property of the [bankruptcy] estate." The legislative history of 11 USC § 362(c) explains that 11 USC § 362(c)(1) "terminates a stay of an act against property of the estate when the property ceases to be property of the estate, such as by sale, abandonment, or exemption. It does not terminate the stay against property of the debtor if the property leaves the estate and goes to the debtor" (HR Rep 95-595, 95th Cong, 1st Sess at 343, reprinted in 1978 US Code Cong & Admin News at 6299 [emphasis added]).
Where the act stayed is not one against "property of the estate," 11 USC § 362(c)(2) provides that a stay under 11 USC § 362(a) "continues until the earliest of . . . the time the case is closed; . . . the time the case is dismissed; or . . . the time a discharge is granted or denied" (id. § 362[c][2]). A bankruptcy court may also grant relief from the stay "[o]n request of a party in interest . . . with respect to a stay of an act against property under [11 USC § 362(a)] if . . . such property is not necessary to an effective reorganization" (id. § 362[d][2]; see Maritime Elec. Co., Inc. v United Jersey Bank, 959 F2d at 1206).
B. Discussion
"The starting point in interpreting a statute is its language, for if the intent of Congress is clear, that is the end of the matter" (Good Samaritan Hosp. v Shalala, 508 US 402, 409 [internal quotation marks omitted]; see People v Thomas, 33 NY3d 1, 5-6; Yatauro v Mangano, 17 NY3d 420, 426). "The statutory text is the clearest indicator of legislative intent and courts should construe unambiguous language to give effect to its plain meaning" (Matter of DaimlerChrysler Corp. v Spitzer, 7 NY3d 653, 660; see People v Thomas, 33 NY3d at 5-6; Yatauro v Mangano, 17 NY3d at 426). "In construing statutes, it is a well-established rule that resort must be had to the natural signification of the words employed, and if they have a definite meaning, which involves no absurdity or contradiction, there is no room for construction and courts have no right to add to or take away from that meaning" (State of New York Mtge. Agency v Braun, 182 AD3d 63, 70). "Critically, 'a statute . . . must be construed as a whole and . . . its various sections must be considered together and with reference to each other'" (People v Thomas, 33 NY3d at 6, quoting Matter of Avella v City of New York, 29 NY3d 425, 434).
In applying these rules of construction, we find that the defendant's purchase of the Middle Pond Road property from the bankruptcy estate pursuant to the November 26, 2013 order did not terminate the automatic bankruptcy stay barring commencement of the instant foreclosure action, but rather, under the circumstances of this case, the automatic bankruptcy stay terminated when the defendant received a discharge from the Bankruptcy Court on November 3, 2014.
Pursuant to the plain language of 11 USC § 362(c)(1), the discharge of the Middle Pond Road property from the bankruptcy estate pursuant to the November 26, 2013 order terminated the stays of an act against "property of the estate," which stays are established by 11 USC § 362(a)(3) and (4). Here, however, upon the defendant's purchase of the Middle Pond Road property from the bankruptcy estate pursuant to November 26, 2013 order, ownership of the Middle Pond Road property returned to the defendant, as debtor in the bankruptcy proceeding (see id. § 101[13]). Consequently, the termination of the stay of an act against "property of the estate" provided for by 11 USC § 362(c)(1) has no bearing on the stays established by 11 USC § 362(a)(1) and (5), which expressly apply to acts taken against "the debtor" or "property of the debtor," and which continued in effect. To find otherwise, as the defendant wishes, would impermissibly render the statutory distinction between stays of acts against "the debtor" and "property of the debtor" under 11 USC § 362(a)(1) and (5), and stays of acts against "property of the estate" under 11 USC § 362(a)(3) and (4), meaningless (see People v Thomas, 33 NY3d at 5-6; Matter of Avella v City of New York, 29 NY3d 425).
Moreover, pursuant to the plain language of 11 USC § 362(c)(2), the stays established by 11 USC § 362(a)(1) and (5) with respect to actions against "the debtor" or "property of the debtor" continue "until the earliest of . . . the time the case is closed; . . . the time the case is dismissed; or . . . the time a discharge is granted or denied" (id. § 362[c][2]; see In re Coronado, 11 BR 8 [D Ariz]). Thus, so long as the Middle Pond Road property remained the property of the defendant, the debtor in the bankruptcy proceeding, the automatic bankruptcy stay barring commencement of the instant foreclosure action, and therefore the limitations toll provided by CPLR 204(a), remained in effect until the earliest of the time the second bankruptcy proceeding was closed or dismissed, or a discharge was granted or denied (see 11 USC § 362[c][2]; see also Haymaker v Green Tree Consumer Discount Co., 166 BR 601 [WD Pa]). The earliest of these dates is November 3, 2014, the date on which a discharge in the second bankruptcy proceeding was granted.
Our aforementioned interpretation of the plain language of 11 USC § 362(c) is further supported by the application of the election of remedies to mortgage foreclosure actions. "'The holder of a note and mortgage may proceed at law to recover on the note or proceed in equity to foreclose on the mortgage, but must only elect one of these alternate remedies'" (Aurora Loan Servs., LLC v Lopa, 88 AD3d 929, 930, quoting Gizzi v Hall, 309 AD2d 1140, 1141; see RPAPL 1301). Here, if 11 USC § 362(c) were interpreted to terminate the automatic bankruptcy stay barring the commencement of a mortgage foreclosure action with respect to the Middle Pond Road property as a consequence of the purchase of that property from the bankruptcy estate, the plaintiff would be forced to sue in equity to foreclose the mortgage. This is because an action in law against the defendant to recover on the note would still be prohibited under 11 USC § 362(a)(1) while the bankruptcy proceeding remained pending, as that section expressly prohibits commencement of any action "against the debtor." Thus, the plaintiff would be in the position of having the statute of limitations run with respect to one remedy—foreclosure—while the statute of limitations with respect to another remedy—to recover at law under the note—would be stayed, thereby forcing the plaintiff to proceed with one remedy over the other.
In addition, not only would the plaintiff be forced to proceed with foreclosure, but the plaintiff would also be prohibited from obtaining a deficiency judgment in that action and therefore its full remedy. Where a holder elects to proceed in equity to foreclose on the mortgage, RPAPL 1371(2) permits a plaintiff in a foreclosure action to "make a motion in the action for leave to enter a deficiency judgment," which deficiency judgment may also be sought in the complaint as incidental to the relief demanded (see Aurora Loan Servs., LLC v Lopa, 88 AD3d 929). Although RPAPL 1371(2) permits a plaintiff to seek a deficiency judgment in a mortgage foreclosure action without violating the election of remedies, an act or request for a deficiency judgment is nevertheless an act against the debtor, which would be prohibited under 11 USC § 362(a)(1) so long as the second bankruptcy proceeding remained pending.
Having concluded that the automatic bankruptcy stay following the defendant's commencement of the second bankruptcy proceeding was lifted on November 3, 2014, we conclude that this action was timely commenced. It is undisputed that the mortgage debt was accelerated when the plaintiff's predecessor in interest commenced the 2007 foreclosure action and elected in the complaint to call due the entire amount secured by the mortgage (see Freedom Mtge. Corp. v Engel, 37 NY3d 1; Deutsche Bank Trust Co. Ams. v Marous, 186 AD3d 669), and that the instant action was commenced on September 12, 2018, more than six years later (see CPLR 213[4]). Nonetheless, the plaintiff's evidence submitted in opposition to the defendant's motion established that the limitations period against commencement of the instant action was tolled by the automatic bankruptcy stay when the defendant commenced the first bankruptcy proceeding on June 26, 2007, and began to run again when that proceeding was voluntarily dismissed on November 24, 2009 (see 11 USC § 362[a]). The 2007 foreclosure action was terminated on June 25, 2009, while the limitations period was tolled. The plaintiff's evidence also established that the limitations period
was thereafter again tolled by the automatic bankruptcy stay when the defendant commenced the second bankruptcy proceeding on October 19, 2011 (see id.), and, as stated above, did not begin to run again until the defendant received a discharge in the second bankruptcy proceeding on November 3, 2014 (see id. § 362[c][2]; Mercury Capital Corp. v Shepherds Beach, 281 AD2d 604). Therefore, pursuant to CPLR 204(a), the defendant's bankruptcy filings tolled the statute of limitations for a period of approximately five years and five months, thereby extending the limitations period to November 2018. This action, commenced in September 2018, was thus timely (see id. § 213[4]).
Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against [*4]him as barred by the statute of limitations.
IV. Miscellaneous
The defendant also contends that the Supreme Court erred in denying that branch of his motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. We disagree.
"A process server's affidavit of service gives rise to a presumption of proper service" (Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776). "A sworn denial containing a detailed and specific contradiction of the allegations in the process server's affidavit will defeat the presumption of proper service" (id. at 776-777). However, "[b]are and unsubstantiated denials are insufficient to rebut the presumption of service" (HSBC Bank USA, N.A. v Archibong, 157 AD3d 662, 662-663 [internal quotation marks omitted]).
Here, the process server's affidavits of service constituted prima facie evidence of valid service upon the defendant at the Middle Pond Road property pursuant to CPLR 308(2) (see Wells Fargo Bank, NA v Spaulding, 177 AD3d 817). The defendant's affidavit, in which he averred that he resides in New Jersey, was unsubstantiated and conclusory, and failed to rebut the presumption of proper service established by the process server's affidavits (see American Home Mtge. Acceptance, Inc. v Lubonty, 188 AD3d 767, 770). The Supreme Court therefore also properly denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
V. Conclusion
In light of the foregoing, the order is affirmed.
IANNACCI, J.P., MILLER and MALTESE, JJ., concur.
ORDERED that the order is affirmed, with costs.
ENTER:
Maria T. Fasulo
Clerk of the Court